# Commonwealth, For Use, et al. v. Kentucky Traction Co. of Louisville.

(Decided October 21, 1910.)

## Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Railroads—Acquiring Real Estate—Actual Use—Liability to Escheat—Prevention by Litigation.—A railroad may acquire real estate for the purposes of right of way before it has actual use for it, and may hold it without such use for five years without liability to escheat. But there should not be estimated as part of the dormant period such time as the corporation was prevented by litigaton from occupying the land for the purpose for which it was acquired.

2. Corporation—Needless Inactivity in Use of Land—Constitutional Provision.—Section 192 of the Constitution was aimed at needless inactivity in a corporation's ownership of land, it being intended that the corporation must put it to the use for which it was acquired and allowed by the charter, or to dispose of it so that somebody else might put it to some proper use.

3. Same—Inaction from Force of Law—Effect.—When, however, the corporation is not inactive from choice of conduct or because of its negligence, but from the force of law, the evil which it was intended to remedy does not in that case exist.

LAWRENCE S. POSTON, WALLACE A. McKAY and JAMES C. POSTON for appellant.

HUMPHREY & HUMPHREY for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellee was chartered to build and operate an interurban railroad between Louisville and Nashville, including the right to enter the city of Louisville. The common council granted it a franchise to lay its tracks upon certain streets, and across others. The traction company purchased three lots in Louisville for the purpose of right of way, laying between the streets which it was granted the right to cross. Owing to certain litigation, including an attack upon the company's franchise from the city, and an injunction against its exercise, it was not able for a year or so after it acquired the lots to begin the building of its road. Then it fell into financial straits that prevented building for another season, although it was endeavoring to do so. Finally in 1906, three years after it had bought the lots, it abandoned its project, and sold its stock and franchise

to another concern. Now after more than five years after it acquired title to the lots, this suit was brought by the relator to escheat the title to the lots because the owner corporation had held this real estate which was not proper and not necessary for carrying on its business, for a longer period than five years. (Sec. 192 Constitution.) A railroad may acquire real estate for the purpose of right of way before it has actual use for it, and may hold it without such use for five years without liability to escheat. But there should not be estimated as part of the dormant period such time as the corporation was prevented by litigation from occupying the land for the purpose for which it was acquired. Section 192 of the Constitution was aimed at needless inactivity in a corporation's ownership of land, it being intended that the corporation must put it to the use for which it was acquired and allowed by the charter, or to dispose of it so that somebody else might put it to some proper use. When, however, the corporation is not inactive from choice of conduct, or because of its negligence, but from the force of law, the evil which it was intended to remedy does not in that case exist. Nor should the short period after the suit involving the corporation's franchise was finally determined, until it within reasonable time exhausted its efforts to build its road, be estimated as part of the five years. It was then in a certain sense, using the lots for the purpose for which they were acquired. When, however, the corporation abandoned its purpose to build the road, in 1906, the time in which it must dispose of the lots or subject them to escheat began to run. This suit was premature. The effect of this action was also to prevent a sale of the lots. The time during which it was pending should also be deducted from the five years. The circuit court dismissed the petition of relator seeking an escheat.

Judgment affirmed.