**REED et al. v. ROBINSON.**

No. 12997—Opinion Filed Sept. 18, 1923.

**1. Appeal and Error—Second Appeal—Law of Case.**

Where a case is brought a second time on error to this court, the first decision will be deemed the settled law of the case, and will not be made a subject of re-examination. This rule extends not merely to all questions actually presented by counsel, but to all questions existing in the record, and necessarily involved in the decision.

**2. Same.**

When, on appeal to this court, a question is involved in the case and assigned as error in the petition in error, but not argued or presented in the brief, and the judgment is affirmed, such question may not be made the basis of a second appeal by the same parties in the same case.

**3. Same—Findings—Sufficiency of Evidence.**

Record examined, and held, the findings are sustained by the evidence.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Nowata County; C. W. Mason, Judge.

Action by Zell Robinson against Jack Reed and J. C. Reed. Judgment for plaintiff, and defendants appeal. Affirmed.

Holtzendorff & Holtzendorff and Freeling, Hood & Howard, for plaintiffs in error.

W. H. Kisner, Hamilton & Pendleton, Kelly Brown, R. M. Mountcastle, and Robert M. Rainey, for defendant in error.

Opinion by RAY, C. This is the second appeal by the same parties involving the same transaction. The former case is reported in 83 Okla. 68, 200 Pac. 773. In that case, Zell Robinson recovered judgment against J. C. Reed and Jack Reed canceling a deed by which she had conveyed to the Reeds her royalty interests in and to a producing oil and gas lease on her allotment in Nowata county upon the ground that it had been fraudulently secured. It was also decreed that the Reeds should account for all monies received by them and all persons claiming under them, from the date of the execution of the deed, October 6, 1917, from which should be deducted the $2,500 paid by the Reeds for the deed. From that judgment the Reeds appealed and the judgment was affirmed. After the case was affirmed the Reeds filed their accounting of all sums received from the date of the deed from Robinson to them, October 6, 1917, up to the 15th day of July, 1918, at which time they alleged they sold and conveyed their interests to the Reed Royalty Company, a corporation, and had not received any monies from the royalty since that date and, therefore, should not be held to account for the same. Robinson filed exceptions to the account of the Reeds, especially that part of it which denied liability from July 15, 1918, up to the time of the accounting. Upon the issues made by the account filed by the Reeds and the exceptions thereto by Robinson, the case was tried. The findings and conclusions of the court were in favor of Robinson and against the Reeds, and a decree was entered which, after setting off the $2,500, paid by the Reeds to Robinson for the royalty, decreed the Reeds to be indebted to Robinson in the sum of $5,287.57. From that judgment the defendants appeal. The several speci-

fications of errors are presented under one proposition:

"That the judgment of the trial court was wrong in adjudging and decreeing that the plaintiffs in error, Jack Reed and J. C. Reed, should account to the plaintiff below for any rents and profits from this lease after July 20, 1918, the date of the execution and delivery of the deed to Reed Royalty Company, a corporation."

The only facts necessary to an understanding of the questions presented are that the plaintiff commenced her action October 6, 1917, for the cancellation of the deed to the Reeds and for an accounting. While that action was pending, and on July 20, 1918, Jack Reed, in so far as he could, deeded their royalty interests to the Reed Royalty Company, a corporation, just previously organized with J. C. Reed as president and Jack Reed as vice president. That action was thereafter dismissed by the court on the _____ day of October, 1918, for want of prosecution. April 19, 1919, Zell Robinson filed her second suit against the Reeds, involving the same issues, which resulted in the judgment above referred to. The Reed Royalty Company was not made a party to that action but the plaintiff, for some purpose, introduced the deed from Jack Reed to the Reed Royalty Company in evidence on that trial. The deed to the Reed Royalty Company was filed for record July 24, 1918. All the products from the lease were taken by the Prairie Pipe Line Company, and the royalty was paid monthly by that company's check, payable to Jack Reed, and mailed to him. Since the 20th day of July, 1918, Jack Reed, in person, or some one acting for him, indorsed the monthly checks and turned them over to the Reed Royalty Company.

The defendant in error contends that that part of the decree in the former case that the Reeds should account for all monies received by them, and all persons claiming under them, was a final adjudication of that question, while the plaintiffs in error contend that that question was not within the issues and therefore not a final adjudication and cite authorities in support of their contention, and also contend that the plaintiff, having notice of the conveyance to the Reed Royalty Company, both constructive and actual, the Reed Royalty Company was a necessary party to the accounting. To sustain their contention that the court erred in requiring the Reeds to account for the royalties after the execution of the deed by Jack Reed to the Reed Royalty Company, counsel have devoted their brief largely to three propositions:

(1) That the plaintiff had constructive notice of the conveyance to the Reed Royalty Company prior to the commencement of the last action, and, therefore, that company was a necessary party, both as to the cancellation of the deed and to the accounting.

(2) That the plaintiff having introduced the deed to the Royalty Company in evidence, although introduced for a particular purpose, was in fact admitted for all purposes and that the plaintiff was bound by it, and,

(3) That that part of the decree in the former case that the Reeds should account for all sums received by any person claiming under them was not binding upon them in the accounting for the reason that the question was not an issue.

We will dispose of the three propositions together. We agree that the plaintiff had constructive notice of the conveyance from the date it was recorded, July 24, 1918, and that she had actual notice at the time she offered the deed in evidence. The trial court must have entertained the same view contended for, that is, that the deed was in evidence for all purposes. To reach the conclusion that the Reeds should account for all sums received by any person claiming under them, he must have applied the doctrine of **lis pendens,** and if correctly applied then the Reeds Company was not a necessary party. 17 R. C. L., 1027-1032. Whether that doctrine was wrongfully or rightfully applied is not now to be determined. When that decree was affirmed by this court it became, and is, the law of the case. This court has held in Smith v. Kennedy, 85 Okla. 163, 207 Pac. 729; Childs v. Cook, 68 Okla. 240, 174 Pac. 274; Ezell v. Midland Valley R. Co., 73 Oklahoma, 174 Pac. 781, that all questions open to dispute, either expressly or by necessary implication, decided on appeal in this court will not be open for review on the second appeal, but such decision becomes the settled law of the case as to all such questions. While the question was not expressly decided in the former opinion, it was in the case; and assigned as error in these words:

"That the district court erred in assessing the amount of recovery as against the plaintiffs in error as being too large."

The question was not expressly decided for the reason that it was not argued in the brief and, as this court has often held, was waived; and, by necessary implication, decided. To say that a question fairly presented by the record, and assigned as error, and not expressly decided because of

failure to present the question in the brief could be made the ground for a second appeal, would be to hold that the case could be disposed of by piecemeal, which this court has held cannot be done. In St. L. & S. F. R. Co. v. Hardy, 45 Okla. 423, 146 Pac. 38, Brown, J., quoted with approval the language of Justice Brewer in Headley v. Challiss, 15 Kan. 602, as follows:

"A party may not settle the law of his case by piecemeal before this court, any more than he may settle the facts in that way before the district court. When the case is tried, he must be prepared to present his entire claim, or his entire defense."

In a later Kansas case, Harwi Hardware Co. v. Klippert, 73 Kan. 783, 85 Pac. 784, the court said:

"Where a case is brought a second time on error to this court, the first decision will be deemed the settled law of the case, and will not be made a subject of re-examination. This rule extends, not merely to all questions actually presented by counsel, but to all questions existing in the record, and necessarily involved in the decision."

Also upon the evidence adduced the judgment should be affirmed.

The court found that the Prairie Pipe Line Company took all the products from the lease from the time Reeds first secured title until the accounting, and paid for the same by monthly checks, made payable to Jack Reed, and mailed to him. The evidence fully sustains the finding. We think the judgment should be affirmed.

Defendant in error has asked in her brief that in case the judgment be affirmed, judgment be entered upon the sup.r e-deas bond, but the record shows that the bond was omitted from the case-made by agreement of the parties.

By the Court: It is so ordered.