## MIDLAND VALLEY R. CO. v. CLARK.

No. 11624—Opinion Filed July 17, 1923.

Rehearing Denied Jan. 15, 1924.

(Syllabus.)

1. **Removal of Causes—Time for Motion—Removal from Appellate Court — Diversity of Citizenship.**

Leave to remove a cause from this court to the United States District Court because of diversity of citizenship will not be granted where there have been two trials and two appeals in the same case, and the motion for removal presented for the first time to this court on the second appeal.

2. **Appeal and Error — Subsequent Appeal —Matters Concluded.**

Where questions arising in the trial court previous to a former appeal of the cause

to this court are such that if presented at all to this court should have been presented in such former appeal, they are concluded by an affirmance by this court of the judgment of the trial court in the former appeal and cannot be presented to this court on a second appeal.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by Perry Clark against Midland Valley Railroad Company. Motion for credit on judgment in favor of plaintiff overruled, and defendant brings error. Affirmed.

O. E. Swan and Sam K. Sullivan, for plaintiff in error.

W. N. Maben and J. F. King, for defendant in error.

HARRISON, J. This case is here on a second appeal. It was here before on appeal from a verdict and judgment obtained against plaintiff in error by this defendant in error in the district court of Kay county, December 3, 1917. An opinion was rendered in the former appeal April 20, 1920 (Midland Valley Railroad Co. v. Clark, 78 Okla. 121, 189 Pac. 184), affirming the judgment of the trial court. Mandate issued from this court to the trial court of Kay county, May 11, 1920, and was spread of record in said court, May 12, 1920. The judgment affirmed in the former case was for $1,250 as an award of compensation for personal injuries received by defendant in error through the negligence of plaintiff in error. On the date on which the mandate was placed of record in the court below, the plaintiff in error, Midland Valley Railroad Company, filed a motion to have such judgment credited with $300, which on a compromise settlement had been paid to defendant in error before suit was filed in the former case, and tendered the balance, $950, into court. The court denied the motion and rejected the tender, and the railroad company appeals from such order and judgment upon two propositions:

First. The state court is without jurisdiction and its judgment void on the ground of diversity of citizenship which gave jurisdiction of the controversy to the federal courts.

Second. The court erred in overruling motion of plaintiff in error for a credit of $300 in the former judgment for $1,250.

As to the first proposition, there is nothing in this record showing that any effort was made in the trial below to have this controversy removed to the federal court. There is a copy of a motion or application for removal which shows to have been filed in the district court in the former case, but nothing in this record showing what was done with such motion by the trial court in the former case, or whether same was ever presented to the trial court, or to this court in the former appeal, nor is there anything in this record showing that such an application was made or such a question raised or presented to the trial court in this controversy, but from the record herein the question of removal seems to be presented for the first time in this court in this second appeal. We know of no statute, either state or federal, providing for the removal of cases from this court to the federal court, except by appeal, and none has been pointed out.

Hence the defendant in error being a citizen of this state, and plaintiff in error, Midland Valley Railroad Company, being a corporation authorized to do business within this state by the laws of this state, although chartered and organized under the laws of another state, is a citizen of this state, so far as the question of jurisdiction is affected by transactions exclusively within the state. The contention for removal is not sustained.

As to the second proposition, viz., the question whether the $300 should be applied on the judgment in the former case, it appears from the pleadings in the former case, which are embodied in the record in this case, that the defendant in error, Perry Clark, while in the employment of plaintiff in error, and through the negligence of plaintiff in error, sustained injuries in an effort to replace a derailed oil tank car; that before he recovered from his injuries a claim agent of the plaintiff in error, Midland Valley Railroad Company, induced a compromise with Clark for $300; that the $300 was paid to Clark and a receipt obtained from him acknowledging full compensation for his injuries; that thereafter Clark discovered that settlement had been induced by misrepresentation and fraud; that he thereupon instituted suit in district court for $20,000 as full compensation for his injuries; that he made tender of the $300 to the railroad company; that the railroad company declined to accept such tender. That the case went to trial on the merits of his suit, including the question of fraud in obtaining the compromise and settlement. The question of fraud in obtaining the settlement was submitted to the jury, together with the question of primary negligence, contributory negligence, assumption of risk, extent of injuries and amount of compensa-

tion, and upon all the issues made, the jury returned a verdict in favor of Clark for $1,250. The judgment was appealed from to this court, and in the opinion by this court, which is set out in full in the record herein, the questions relied upon for reversal were presented, considered, and determined in said opinion, supra.

In said opinion it was definitely decided that the compromise for $300 was obtained through fraud. There is nothing in this record showing that the question of plaintiff in error's right to the credit of $300 in the former judgment was not taken into consideration by the jury; at any rate, if there was merit in the contention, it should have been presented to the trial court in the former trial, and to this court in the former appeal, and parties will not be permitted to appeal cases by piecemeal in this wise. The record fails to show any merit in this appeal, and the judgment is affirmed, with directions to the trial court to issue execution against plaintiff in error in satisfaction of the mandate of this court in the former opinion.

The judgment is affirmed.

JOHNSON, C. J., and McNEILL, KENNAMER, and BRANSON, JJ., concur.