WOLFE v. STATE ex rel. PRESSON, County Atty., et al.

No. 23912.   Opinion Filed April 25, 1933.

Rehearing Denied May 16, 1933.

Rainey, Flynn, Green & Anderson, and W. N. Stokes, for plaintiff in error.

Blakeney & Ambrister, for defendant in error Bass Furniture & Carpet Company.

Otis H. Presson and Leon Hirsch, for cross-petitioner in error, State of Oklahoma.

OSBORN, J. This action was commenced in the superior court of Seminole county by the state of Oklahoma, on relation of Otis H. Presson, as county attorney of Seminole county, to escheat to the state, under the provisions of section 2, art. 22, of the Constitution, certain lands described as an undivided one-third interest in the northwest quarter of the northeast quarter of section 23, township 9 north, range 6 east, in Seminole county. The Bass Furniture & Carpet Company and C. Dale Wolfe were made parties defendant and Wolfe, by cross-petition, set up a claim of ownership in the lands adverse to the claim of the other defendant. The trial court granted judgment in favor of the Bass Furniture & Carpet Company and against the state of Oklahoma and C. Dale Wolfe, and both parties have appealed.

In the determination of this appeal, it will be necessary to state a part of the history of this case. In 1916 the Bass Furniture & Carpet Company foreclosed a mortgage on the lands involved herein, and on January 9, 1917, received a sheriff's deed to said property. The defendant, Wolfe, was attorney for said company and prosecuted the mortgage foreclosure. On March 21, 1917, the company executed a quitclaim deed to Wolfe, with the understanding that he was to sell the land for it, the company claiming that Wolfe was holding the land as trustee for it, for the purpose of making a sale in order that it might obtain its money. Later, the company executed a warranty deed to Wolfe at his instigation and request, and for the same purpose.

On March 5, 1926, the company brought suit against Wolfe to establish a trust in its favor, which resulted in a judgment in the district court of Seminole county, favorable to the company. The cause was appealed to this court, and an opinion was filed December 23, 1930 (Nos. 18909 & 18921, consolidated, Wolfe v. Bass Furniture & Carpet Co., Bass Furniture & Carpet Co. v. Wolfe, 152 Okla. 125, 3 P. (2d) 895), in which the court modified the judgment of

the trial court, but held that as to the one-third interest in the lands, which is the property involved herein, Wolfe was a trustee for the company, and that the company was the actual owner thereof and entitled to possession. The mandate was filed in the district court of Seminole county on October 21, 1931. This action was filed in the superior court of said county on October 15, 1931.

An examination of the record, and of the prior opinion of this court, shows that, as between the two defendants herein, this action is a mere relitigation of the issues in the prior case and decided by the opinion above referred to.

Defendant Wolfe contends that there are issues involved herein which were not settled by the former opinion, in that; (1) He has a title by prescription, matured and vested since the former case was filed and judgment entered, which was not decided therein; (2) that the judgment of the previous case is void on its face in three respects which were not decided in the prior decision, in that: (a) the county court of Seminole county, on June 10, 1919, in an heirship proceeding, awarded the property to the defendant, Wolfe, as against the company which decree became final and conclusive, and the question thereafter became res adjudicata as between the parties herein; (b) that, in the prior action in the district court of Seminole county, the court dismissed the action for want of equity, and because it was barred by limitations, which judgment became final; and (c) that the holding of the property by the Bass Furniture & Carpet Company, is expressly prohibited by section 2, art. 22, of the Constitution; (3) that he is entitled to a lien upon the land for his fees and expenditures in recovering, improving, and developing the same; (4) that a purported transfer of the land by the corporation to some of its stockholders was champertous, and was made while the land was in litigation, and is void.

We can find no merit in any of said contentions. In the former opinion, this court held that Wolfe was a mere trustee of said lands for the benefit of the company. Since March 5, 1926, and continuously to the present time, the said property has been the subject-matter of litigation pending in the courts, defendant's claim of open, notorious, continuous, adverse, and exclusive possession of said property through said period of time is wholly untenable.

As to the second contention of the defendant Wolfe, an examination of the previous opinion of the court discloses that the same issues were presented and determined by the court in said opinion, and defendant is now precluded from presenting the same questions here for redetermination.

In the trial of this cause, defendant offered to prove that through his efforts the property involved had increased in value from $800 to over $100,000, and that he was thereby entitled to a lien against the property in the sum of $50,000, as the reasonable value of his services and expenditures. His claim for a lien is based upon section 4100, C. O. S. 1921, providing for an attorney's lien upon the client's cause of action. It is apparent that the discovery of oil had more to do with the enhancement of the value of the property than the alleged services of defendant. The former litigation was instituted in 1926, and such claim of lien could have been fully determined in that case, if said defendant had desired to assert the same, but not having asserted such lien, and the title of his codefendant having been quieted against his claims, he cannot now be permitted to assert such claim. State ex rel. v. Hardister, 128 Okla. 245, 262 P. 658; Midland Valley R. Co. v. Clark, 96 Okla. 264, 221 P. 1025.

The former opinion also adjusted the equities between the parties and found that defendant had expended in improvements and taxes about the sum of $1,600, and that he received rents and profits from the land in the sum of $1,620. There is no merit in defendant's claim for an attorney's lien.

The record shows that on April 8, 1927, the company executed a warranty deed to the property involved to certain of its stockholders and trustees, which deed is attacked by defendant herein as being champertous and void, since the property involved was in litigation when the deed was executed. The trial court found against defendant as to this contention, which finding is not against the clear weight of the evidence. However, since it has been previously adjudged that defendant actually has no interest in the one-third interest adjudged to belong to his codefendant, he would not be in a position to challenge any conveyance made by the company.

The cross-appeal by the county attorney involves only the judgment of the trial court in refusing to escheat the property to the state. The action on behalf of the state is based upon section 2, art. 22, of the Constitution, which, in part, provides:

"No corporation shall be created or licensed in this state for the purpose of buying, acquiring, trading, or dealing in real estate,

other than real estate located in incorporated cities and towns and as additions thereto; nor shall any corporation doing business in this state buy, acquire, trade, or deal in real estate for any purpose except such as may be located in such towns and cities and as additions to such towns and cities, and, further, except as shall be necessary and proper for carrying on the business for which it was chartered or licensed; nor shall any corporation be created or licensed to do business in this state for the purpose of acting as agent in buying and selling land; provided, however, that corporations shall not be precluded from taking mortgages on real estate to secure loans or debts or from acquiring title thereto upon foreclosure of such mortgages, or in the collection of debts, conditioned that such corporation or corporations shall not hold such real estate for a longer period than seven years after acquiring such title."

The trial court found, in effect, that since the time of the foreclosure of the original mortgage in 1917, the defendant company was not in position to make a deed to said property as the record title was in the name of defendant, C. Dale Wolfe, until the rendition of the former opinion of the Supreme Court on December 30, 1930, and that the property had been in litigation since that time. Such a conclusion is amply sustained by the evidence. It is apparent that the company made an effort to dispose of the property as soon as it received a sheriff's deed therefor. The property was placed in the name of defendant, Wolfe, for the express purpose of allowing it to be sold. To escheat the property to the state would be to penalize the company for the breach of trust by Wolfe and his failure to carry out his agreement to sell the property. In the case of State v. Benevolent Investment & Relief Association, 107 Okla. 228, 232 P. 35, it is said:

"The policy of the law as laid down by the courts of this state does not favor escheats."

In State v. Prairie Oil & Gas Co., 64 Okla. 267, 167 P. 756, it is said:

"It appears also to be a settled rule that the legislature may validly impose the penalty of escheat for the violation of such a provision, whether found in the Constitution or the statute law. Where such is the case, the holding of real estate by a corporation in violation of the governing law, while a cause or ground of escheat, does not, ipso facto, effect an escheat."

In this case, the record discloses that a bona fide transfer of the title of said property was made by said company to certain individuals prior to the institution of the action by the state to escheat the same. It is further noted that this action was instituted prior to the issuance of mandate from this court in the former appeal, wherein the equitable title of said company was perfected by requiring, in effect, the conveyance of the legal title. It thus appears that said company was at great disadvantage in making a transfer of the title to said property, in compliance with the provisions of the constitutional provision, by reason of the breach of trust of its attorney, the defendant, Wolfe. Endless litigation developed by reason of his duplicity and mala fides. And before the title could be perfected by judicial decree, the company was called upon to defend an action instituted by the state, but doubtlessly instigated by the defendant, attacking its right to have and hold the fruits of said litigation determined by this court to belong to it.

The provision of the Constitution above referred to was not placed in our fundamental law to work such iniquity. It recognized the public evil of a corporation owning large tracts of land not essential to its business, and sought to provide for the nullification of that evil.

In Commonwealth v. Kentucky Traction Co., 140 Ky. 387, 131 S. W. 16, the court, in the first syllabus paragraph said:

"The time a corporation acquiring real estate is prevented by litigation involving its franchise from occupying the premises is not a part of the time fixed by the Consitution, sec. 192, providing the corporation shall not hold real estate for more than five years except such as may be necessary for its business; nor is the period after the final determination of the suit in favor of the corporation, a part of such time until the corporation, within a reasonable time, has exhausted its effort to use the premises for its business."

In the case of State v. Benevolent Investment & Relief Association, supra, the court used this language:

"The overwhelming weight of authority sanctions the doctrine that a corporation, such as is involved here may, at any time before escheat proceedings are begun, divest itself of title to lands held in contravention of law by a conveyance in good faith for value, and a purchaser from such corporation takes good title by virtue of such conveyance. The policy of the law as laid down by the courts in this state, does not favor escheats. * * * The object of the statute is to prevent the holding by the corporation. The transfer by the corporation has effected the object of the statute."

In the case of Louisville School Board v. King, 127 Ky. 824, 107 S. W. 247, 15 L. R. A. (N. S.) 379, it is said:

"The holding of useless real estate by a corporation for more than five years, while a cause or ground of escheat, does not ipso facto, effect an escheat; in other words, that the title to the property, notwithstanding the existence of the grounds of escheat, remains in the corporation until an action for escheat shall have been instituted; and if, before this is done, the corporation bona fide sell and convey the property to a third person, the latter would be vested with an indefeasible title to the land."

See, also, State v. American Baptist Home Mission Society, 96 W. Va. 447, 123 S. E. 440, 37 A. L. R. 200.

We, therefore, conclude that the right of the state to escheat said property does not exist under the facts as disclosed in the record in this case.

It is contended by defendant, Bass Furniture & Carpet Company, that the state has formally waived its right of appeal. Under the views that we have hereinabove taken, we deem it unnecessary to decide this question.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, McNEILL, BAYLESS, and BUSBY. JJ., concur. SWINDALL and WELCH, JJ., absent.