## MORELAND et al. v. STATE ex rel. HATFIELD.

No. 23896.   Nov. 26, 1935.

C. H. Mauntel and E. W. Snoddy, for plaintiffs in error.

Gordon Stater and W. L. Houts, for defendants.

PER CURIAM. This is the second time this case has been before this court. This action was instituted in the district court of Woods county on the 17th day of April, 1927, by W. F. Hatfield, a resident taxpayer of Woods county, Okla., in the name of the state of Oklahoma, on the relation of W. F. Hatfield, against M. S. Moreland, Albert Ruse, and D. P. McNally, individually, and as the board of county commissioners of Woods county, and the First National Bank of Alva, Okla., a corporation. The plaintiffs in error here were the defendants in the trial court, and the defendants in error here were plaintiffs in the trial court. Hereinafter the plaintiffs in error will be referred to as defendants, the members of the board of county commissioners as the county commissioners, the First National Bank of Alva as the bank, the defendants in error as plaintiffs, and the relator as relator.

The action was brought to recover the sum of $2,712.97 alleged to be due Woods county for funds unlawfully paid out by the county commissioners to the bank and an equal amount as penalty for the wrongful payment of the same, under the provisions of sections 8590 and 8591, C. O. S. 1921. The cause was tried to a jury. The jury returned a verdict in favor of all of the defendants except the bank, and as to it failed to agree upon a verdict. The plaintiff moved for judgment notwithstanding the verdict of the jury and for a new trial, which motions were overruled and exceptions taken. The plaintiffs appealed to this court.

Upon said appeal this court rendered its decision which is found in State ex rel. Hatfield v. Moreland et al., 152 Okla. 37, 3 P. (2d) 803, filed September 15, 1931. This court discussed at length all the issues formed by the pleadings in the case or that could arise thereunder, and announced the law controlling the case. The judgment of the lower court was reversed, the cause remanded to the district court of Woods county, with directions to set aside the verdicts of the jury, to grant the plaintiffs a new trial as to all the parties, and for further proceedings in conformity with the decision of the court.

Pursuant to the mandate of this court, the cause was retried in the lower court. In the second trial the pleadings were the same, the issues were the same, and the primary facts, which were all matters of record and neither disputed nor denied, were the same as in the first trial. Nor was the amount of the county funds paid out by the county commissioners to the bank disputed. On the trial, after plaintiffs rested, defendants demurred to the evidence of plaintiffs, which was by the court overruled and exceptions allowed defendants. After defendants had introduced their evidence, the plaintiffs moved for a directed verdict for plaintiffs in the sum of $5,425.94, which was sustained, and the jury, after being by the court directed, returned a verdict for said sum, and judgment thereon was rendered accordingly by the court. Motion for new trial was overruled, the case appealed, and is now again before this court for review.

Based upon the record before us, the court holds that the law announced on the first appeal of this case is the law of the case, was binding upon the trial court, and is binding upon this court on second appeal. Lamb v. Alexander, 83 Okla. 292, 201 P. 519.

The defendants for reversal of the judgment of the trial court rely upon two propositions, the first of which is in substance that the trial court erred in taking the question of what constituted a reasonable time in which the county commissioners might institute an action for the recovery of the county funds unlawfully paid out from the consideration of the jury, and directing a verdict for plaintiffs.

In the former decision of this court, which is the law of the case, it is said:

"That the proper notice was served upon the county commissioners by ten resident taxpayers of the county to institute and diligently prosecute proper proceedings for the recovery of the money so paid, and they refused to bring an action for recovery of the money paid out, as aforesaid, is clearly shown. A considerable portion of the record consists of evidence of the facts necessary to be shown preliminary to the maintenance of this suit in the form in which it was instituted. There was no defense shown thereto, and this record shows a compliance with the requirements of section 8591, C. O. S. 1921. It is not contended by defendants that there was any failure to comply therewith."

The undisputed facts are that the money alleged to have been unlawfully paid out was paid out almost a year before the taxpayers served said notice, and it was about 20 days after the service of the notice on the county commissioners before suit was instituted. These facts are all matters of record. There is not any evidence anywhere in the record that the county commissioners ever had any intention to commence an action for recovery of said funds. Under the law the

county commissioners were chargeable with the knowledge that allowance of said claim and the paying out of said funds was unauthorized, unlawful, and void. These acts occurred almost a year prior to the commencement of this suit. It clearly appears that the county commissioners refused to commence an action. It is upon this state of the record that the court as above quoted held that the county commissioners refused to institute an action to recover the money paid out. In view of this holding the defendants were precluded from interposing as a defense the question as to what constituted a reasonable time within which the county commissioners might bring suit and have said question submitted to the jury. The trial court did not commit error in refusing to submit this question to the jury.

The second and last contention of defendants is stated in their second proposition, which is in substance that the trial court refused to permit the defendants to show that the county commissioners had no knowledge that the claim in question was fraudulent and void, and that they had used every precaution to satisfy themselves that the claim was valid.

Clearly the defendants cannot interpose as a defense to this action want of knowledge that the claim was fraudulent and void. Paragraph 14 of the syllabus of the former decision aforesaid is as follows:

"The knowledge of the officers referred to in section 8590, C. O. S. 1921, is knowledge of facts and not of law. County officers, as other citizens, are presumed to know the law and are charged with knowledge of the law. They may not be relieved of liability for their unlawful acts by a claim of ignorance of the law."

It is pointed out in the body of said decision:

"It is not contended here that the defendants did not have notice of the facts. There is nothing in the record to show that either the bank or anyone of the county commissioners did not know the facts in connection with the entire transaction."

This expression of the court is just as true on the second appeal as on the first. In this connection attention is called to paragraph 11 of said decision:

"Under the provisions of section 8590, C. O. S. 1921, every officer of any county who shall order or direct the payment of any money belonging to such county in settlement of any claim known to such officer to be fraudulent or void, and every person, having notice of the facts, to whom, or for whose benefit such money shall be paid, shall be jointly and severally liable in damage to the county for double the amount of all such sums of money so paid to be recovered at the suit of the proper officers of such county."

The trial court did not commit error in refusing to permit defendants to introduce evidence in support of said contention.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys R. M. Jarrett, Courtland M. Feuquay, and Charles Wells in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Jarrett and approved by Mr. Feuquay and Mr. Wells, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.