SHIPMAN et al. v. MEDLOCK.

No. 32283. Sept. 16, 1947.

*184 P. 2d 764.*

Herbert K. Hyde and Breck Moss, both of Oklahoma City, for plaintiffs in error.

Deupree & Linn, of Oklahoma City, for defendant in error.

GIBSON, J. Defendant in error, Alice C. Medlock, owner of lots in block 13, Oak Park addition to Oklahoma City, instituted this action to declare void two deeds covering other lots in said block. One was executed by plaintiffs in error J. D. Shipman and Ella Shipman to plaintiff in error Bertha Jones, and the other by plaintiffs in error W. B. Eaton and Maud Eaton to plaintiffs in error Taylor Jackson and Bernice L. Jackson. The alleged basis for the relief sought is that the grantees in said deeds are persons of the negro or African race and by reason thereof the deeds violate the restrictive provisions of a contract to which the grantors and others, owners of all lots in said block, were signatory. Plaintiff was awarded judgment from which this appeal is prosecuted.

The validity of the contract is not called in question and the sole question in issue was whether changes in conditions since the making of such contract have rendered the restrictive provisions thereof impractical and their enforcement inequitable.

Block 13 lies between Eighth street on the south and Ninth street on the north, and between Lottie avenue on the west and Kate avenue on the east. At the time of entering into the contract no lots in block 13 or the adjoining blocks were owned by negroes. At the present time negro ownership has progressed northward from the south by reason of which block 17, diagonally across intersection of Eighth street and Lottie avenue from block 13 is fully owned by negroes, and blocks 16 and 15, across Ninth street and south and southeast, respectively, of block 13, are in substantial part owned by negroes. In block 12, directly across Lottie avenue to the west of block 13 there is slight infiltration. In the blocks north and east of block 13 there has been no infiltration.

The trial court considered in detail the situations and found that there had been no such changes in conditions in relation to the occupancy of property as would warrant escape from the obligatory provisions of the contract by the parties thereto, and such holding is not clearly against the weight of the evidence.

The question presented is in substance the same as that presented and considered by this court in the recent case of Schwartz et al. v. Hubbard, 198 Okla. 194, 177 P. 2d 117, and the law there announced is applicable and controlling here.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and WELCH, CORN, and LUTTRELL, JJ., concur.