JONES et al. v. MEDLOCK et al.

No. 33525. Sept. 28, 1948.

Rehearing Denied Jan. 25, 1949.

*202 P. 2d 212.*

A. L. Beckett, of Oklahoma City, for plaintiffs in error.

Deupree & Linn, of Oklahoma City, for defendant in error Alice C. Medlock. ·

Breck Moss and W. W. Hentz, Jr., both of Oklahoma City, for defendants in error, J. D. Shipman and Ella Shipman.

LUTTRELL, J. T h i s is an appeal from an order sustaining a demurrer to the motion of plaintiff in error to vacate a judgment, which judgment w a s affirmed by this court in Shipman v. Medlock, 199 Okla. 128, 184 P. 2d 764. Defendants in error have moved this court to dismiss the appeal for the reason that it is frivolous and taken for the purpose of delay.

On the original appeal from the judgment, which appeal was determined in Shipman v. Medlock, supra, the sole question presented by plaintiffs in error, who were also plaintiffs in error in that appeal, was whether changes in conditions since the making of the contract containing the restrictive provisions rendered such provisions impractical and their enforcement inequitable. After the mandate in that case went down, the trial court issued writs of assistance against plaintiffs in error, and thereupon plaintiffs in error filed separate motions to recall the writs of assistance, and to vacate the original judgment. The grounds upon w h i c h these motions were based are: (a) an allegation that the trial court, in its judgment, decided· and adjudged matters entirely outside of the issues before the court when the case was tried, and (b) that the restrictive agreement and the judgment of the court founded thereon were void for the reason that the Fourteenth Amendment to the Constitution of the United States was thereby violated. Defendants in error, in support of their motions to dismiss the appeal, point out that the appeal presents no question to this court which could not have been urged on the frist appeal had the plaintiffs in error seen fit to do so, and examination of the record discloses that such is the case.

In the original action the trial court unquestionably had jurisdiction of the subject matter, jurisdiction of the parties, and power to render the judgment rendered.

In Reed v. Robinson, 92 Okla. 107, 219 P. 296; Moreland v. State ex rel. Hatfield, 175 Okla. 38, 51 P. 2d 945; Wolfe v. State ex rel. Presson, 163 Okla. 180, 21 P. 2d 1067; Board of Education of Independent School Dist. No. 11, Osage County, v. Philadelphia Fire & Marine Ins. Co., 156 Okla. 7, 9 P. 2d 737; Midland Valley R. Co. v.. Clark, 96 Okla. 264, 221 P. 1025, and numerous other cases we have held that the decision of this court on a first appeal settled and determined not only all questions actually presented, but all questions existing in the record and necessarily involved in the decision by implication, and that such questions could not be raised on a subsequent appeal. In Reed v. Robinson, supra, we said that to permit such questions to be made the ground of a second appeal would be to hold that the case could be disposed of piecemeal, which this court has held could not be done.

This rule, an application of the principle of res judicata, seems to be generally adhered to by both state and federal courts, and has been repeatedly upheld by the Supreme Court of the United States. Thus, in Grubb v. Public Utilities Commission, 281 U. S. 470, 74 L. Ed. 972, 50 S. Ct. 374, the Supreme Court said:

"The thing presented for adjudication in the case in the state court was the validity of the order, and it was incumbent on the appellant to present in support of his asserted right of attack every available ground of which he had knowledge. He was not at liberty to prosecute that right by piecemeal, as by presenting a part only of the available grounds and reserving others for another suit, if failing in that. Werlein v. New Orleans, 177 U. S. 390, 398 et seq., 44 L. Ed. 817, 820, 20 S. Ct. Rep. 682; United States v. California & O. Land Co. 192 U. S. 355, 358, 48 L. Ed. 476, 478, 24 S. Ct. Rep. 266.

"As the ground just described was available but not put forward, the appellant must abide the rule that a judgment upon the merits in one suit is res judicata in another where the parties and subject-matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end. Baltimore S. S. Co. v. Phillips, 274 U. S. 316, 319, 71 L. Ed. 1069, 1071, 47 S. Ct. Rep. 600; United States v. Moser, 266 U. S. 236, 241, 69 L. Ed. 262, 264, 45 S. Ct. Rep. 66; Cromwell v. Sac County, 94 U. S. 351, 352, 24 L. Ed. 195, 197."

To the same effect are Chicot County Drainage Dist. v. Baxter State Bank, 308 U. S. 371, 84 L. Ed. 329, 60 S. Ct. 317, and Jackson v. Irving Trust Co., 311 U. S. 494, 85 L. Ed 297, 61 S. Ct. 326.

No reason why the questions now presented to this court could not have been presented on the first appeal is given by plaintiffs in error, and no reasonable excuse is offered for their failure to do so. From the record it is clear that on that first appeal they elected to rest their case on one question, and that question having been decided adversely to them, they may not now, by moving to vacate the judgment and appealing from the denial of their motions, raise additional questions which could have been raised on the first appeal, and which were by implication settled by our previous decision. To permit them to do so would violate the settled rule announced in the decisions above cited, and sanction a practice, which, if allowed, would place an insupportable burden upon this court.

The motion to dismiss the appeal is sustained.

DAVISON, V. C. J., and RILEY, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur. HURST, C. J., dissents.