BRYANT v. McDONALD et al.

No. 34044.   July 11, 1950.

*220 P. 2d 269.*

Clem H. Stephenson, of Wewoka, Hugh Sandlin, of Holdenville, Walter Billingsley, of Wewoka, and James R. Eagleton, of Oklahoma City, for plaintiff in error.

Anglin, Stevenson & Huser, of Holdenville, for defendants in error.

CORN, J. Plaintiffs filed suit alleging ownership and possession of oil and gas leases covering certain described property, subject to an overriding royalty interest of H.H.&B. Drilling Company; that they had spent large sums developing the property for oil and gas, had secured producing wells thereon, and were in the process of further development. Further, that on July 24, 1947, and on October 21, 1947, defendant had filed certain affidavits for record claiming ownership of an interest in the described property; that defendant in fact owned no interest and such claim constituted a cloud upon plaintiffs' title and that they should be granted judgment quieting their title against defendant's purported claim of ownership.

Defendant's answer denied plaintiffs' ownership of the leases, and alleged that in November, 1946, he had formed a general partnership with McDonald for the purpose of acquiring and developing oil properties; among the leases acquired this partnership secured an undivided one-half interest in the leases described in the petition; although in fact partnership property, title thereto was taken in McDonald's name, but he attempted to transfer a part thereof to plaintiff Sanders, who had knowledge of the existence of the partnership, and of defendant's ownership of an undivided one-half interest; that defendant owned an undivided one-fourth interest in the leases, subject to the overriding royalty interest.

By cross-petition defendant alleged that, subsequent to the partnership's acquisition of the half interest, McDonald attempted to convey part of the lease to Sanders, who knew of defendant's interest as a partner, and that such conveyance should be canceled; that because of McDonald's acts defendant was entitled to judgment dissolving the partnership, accounting for all funds received from the property, and distribution of the partnership assets upon an equal basis.

Plaintiffs replied by a general denial. In answer to the cross-petition plaintiffs denied existence of any partnership relation, or that defendant had made any claim to any of the property, or that he had paid or offered to pay any of the expenses of development; that defendant knew of the transfer of an interest in the property to Sanders, who invested money therein, but defendant made no claim of having any interest and Sanders bought without knowledge of such claim; that during the development the defendant neither claimed an interest, bore any of the expenses, nor made any claim of being a partner.

Plaintiffs withdrew their reply and answer and defendant was required to make his answer and cross-petition more definite and certain. Defendant's

pleadings were amended to allege that the partnership agreement was oral; defendant was to receive one-half interest in the acquisition, drilling and development of oil leases in return for his knowledge, experience and services, while McDonald was to contribute his drilling rig; the partnership commenced in November, 1946, without definite agreement when it should terminate. Plaintiffs then readopted their original reply and answer to defendant's cross-petition.

At the conclusion of all the evidence the trial court allowed defendant to amend his pleadings to conform to the proof, thus making defendant's claim of a partnership extend only to the particular acreage assigned by the H.H.&B. Drilling Company and developed by the plaintiffs herein. The trial court sustained the motion of plaintiff, Sanders, for judgment against defendant, and also sustained Dillon's demurrer to defendant's evidence, as being insufficient to entitle defendant to relief upon his cross-petition against these parties. The trial court made written findings of fact, and concluded as a matter of law that no partnership relation existed between McDonald and defendant; that defendant was not entitled to any interest in the leases upon which plaintiffs sought to quiet title; and that plaintiffs were entitled to judgment quieting his title against defendant's claims. Judgment was entered in accordance with such findings and conclusions.

Defendant's attack upon the judgment rendered is based principally upon the errors allegedly inhering in the trial court's findings of fact Nos. V-VI-VII & VIII which were substantially as follows:

No. V. Defendant was employed by one Melton and discussed entering McDonald's employ as a bookkeeper and to try and aid plaintiff in keeping his rig in operation. He left Melton's employ and began working for plaintiff at $175 per month beginning in November, 1946, plaintiff paying $125 of this amount, government "on the job train-ing" making up the difference. These payments were discontinued and plaintiff agreed to pay him $200 per month, plus car expense, beginning January 15, 1947, and continuing until defendant left plaintiff's employ. No partnership agreement was entered into. About April, 1947, defendant acquired and sold an oil lease at a profit of about $400 cash, plus $6,000 oil payment, but neither advised plaintiff of this nor accounted for any of the profits.

No. VI. Early in 1947, defendant suggested the possibility of his securing lease blocks for drilling and that he could sell interests to defray drilling expenses if plaintiff would carry him for an interest. Plaintiff was financially unable to drill wells alone and defendant knew this, but plaintiff agreed to such arrangement with the understanding that enough of such leases would be sold to pay him his customary drilling price, and only under such condition would defendant have any interest in the remaining leases.

No. VII. Defendant was advised of and tried to sell interests in the H.H.&B. leases, but was unable to do so. Later, with plaintiff Dillion's representative, defendant went to Wichita and made tentative agreement with H.H.&B. Drilling Company to drill a well on this block in return for assignment of leases. Such contract was made in behalf of Dillon and McDonald, but when submitted to them it was discovered that the contract called for drilling of two wells as consideration for the assignment. Dillon and McDonald then took in Sanders to assist them, but neither Dillon nor Sanders paid any consideration for the interests assigned to them.

No. VIII. When defendant acquired the assignment of the H.H.&B. leases he was employed by plaintiff and traveled at his expense, and plaintiff understood they were acquired for plaintiff and Dillon; that defendant did not advise plaintiff he claimed any interest therein and defendant never sold any interest, and made no claim thereto until after production was had, such claim first being discovered when the affidavits were found of record by the prospective purchaser of the oil production.

In finding No. IX, the court found plaintiff had never agreed to give defendant any interest in these leases (H.H.&B.), and that, by his own testimony, defendant was not to have an interest therein until enough interest was sold to pay for drilling of a well; that having sold no interest in the leases defendant was not entitled to share therein.

Defendant's appeal is predicated upon the proposition that since this is an equity case, this court will review the entire record, and if the judgment rendered is against the clear weight of the evidence, the judgment will be reversed and the court will render such judgment as the trial court should have rendered. The extent of the record makes it impractical to attempt to make a statement of the testimony. For this reason we make no statement of the evidence except such as has a direct bearing upon the matters hereinafter discussed.

Defendant urges that since the proof failed to disclose a general partnership, and the pleadings were amended to conform thereto, there was no issue upon the question of partnership, and such finding was unnecessary. No prejudice resulted to defendant from such finding of fact.

Although the evidence failed to establish a partnership, defendant contends that the real question is whether defendant complied with the terms of the agreement that he was to obtain the leases and then sell interests therein to finance the well, in order to be entitled to an interest therein. In support of such argument defendant contends the weight of the evidence discloses that plaintiff agreed to give defendant an interest in lease blocks assembled, under certain conditions; that the H.H.&B. leases were taken after such agreement, and that defendant worked out the deal with Dillon and obtained his support for the venture. Hence defendant says that he fulfilled his part of the bargain and therefore is entitled to one-half of McDonald's remaining interest, and that such evidence clearly fails to support finding of fact No. VI.

Four witnesses other than defendant testified generally in defendant's favor. There was other evidence that defendant did attempt to work out a lease block in Choctaw county under such arrangement, but was unsuccessful in his efforts. The testimony in defendant's behalf all was to the effect that McDonald told them of the agreement with defendant in February, April or May, 1947, that the leases had been procured, an interest sold to Dillon, and that they were ready to drill a well.

Opposed to this was plaintiff's evidence which established that defendant did not even get in touch with Mr. Bartlett, an officer of the H.H.&B. Drilling Company, until June, 1947, when Dillon's employee and the defendant made the trip to Wichita, Kansas. Defendant made this trip on McDonald's time and at his expense, and it was McDonald's understanding that the leases were to be acquired for McDonald and Dillon. The evidence showed that defendant previously had submitted this deal to Dillon, who turned it down.

On the trip to Wichita a tentative agreement was reached with the H.H.&B. Drilling Company, and this was forwarded to an attorney's office for McDonald and Dillon to consider. However, when submitted to the attorney, it was discovered that such contract called for drilling of two wells, rather than one which was contemplated under the deal defendant claims to have sold to Dillon. Although defendant claimed to have sold Dillon an interest for enough to defray costs of drilling, nevertheless, both Dillon and Sanders positively testified that no consideration was paid for the assignment of their interests. This testimony was supported by the evidence of the attorney in whose office the transaction was handled. And, it is to be noted further that defendant was present in the at-

294

torney's office during the negotiations, and at numerous times thereafter, and at no time attempted to suggest or claim any interest in this property.

Even to accept as entirely true defendant's testimony that he assembled this lease block and worked out and submitted the deal to Dillon, such evidence still would fail to establish his case. The deal which first was submitted to Dillon was not accepted, and no interests therein were sold. In fact, no interests in the property ever were sold and the drilling costs so financed for McDonald's benefit. Dillon and Sanders took their respective interests without paying any consideration therefor, agreeing only to assume responsibility for their proportionate shares of the costs of the wells. And the evidence further showed that Mc-Donald had to pay his own share of such costs along with the other plaintiffs.

For the sake of brevity, we have not set forth an extended discussion of the evidence. It is sufficient to point out that we have reviewed this record very carefully. And, having done this, we are impressed with the correctness of the trial court's findings. We necessarily conclude that the trial court's findings and judgment are not contrary to the clear weight of the evidence. In such cases the findings and judgment will not be disturbed on appeal. Ludeman v. Armbruster et ux., 196 Okla. 452, 165 P. 2d 835; Shipman v. Medlock, 199 Okla. 128, 184 P. 2d 764.

Judgment affirmed.

DAVISON, C. J., and WELCH, GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.