**H. D. SHORT, Plaintiff in Error,**

v.

**GUY NALL TRUCKING CO., Inc.,
Defendant in Error.**

**No. 41558.**

Supreme Court of Oklahoma.

June 18, 1968.

Harry R. Palmer, Jr., Oklahoma City, Horsley, Epton & Culp, Wewoka, by Harry R. Palmer, Jr., Oklahoma City, for plaintiff in error.

H. Corky Bishop, Tulsa, for defendant in error.

IRWIN, Vice Chief Justice.

Plaintiff in error, herein referred to as plaintiff, instituted this action to recover damages as a result of an accident allegedly caused by the negligence of defendant in error, referred to as defendant. The jury returned a verdict for defendant and judgment was rendered accordingly. Plaintiff appeals from the order overruling his motion for a new trial.

Plaintiff worked for a drilling company. Defendant was employed by the drilling company to move a drilling rig to a new location. Defendant sent two men and a large truck with an attached cable unit and steel hook to perform the work. After defendant's unit had been used to move the drilling rig to a new location, the unit was used to raise one corner of the rig for the purpose of leveling it. Plaintiff was shoveling dirt under the raised rig when a steel hook attached to defendant's unit broke, struck plaintiff in the head and injured him.

Plaintiff proceeded on the theory that defendant furnished all the equipment to move and level the drilling rig and two men to operate the equipment; and that defendant knew, or should have known, that the equipment furnished was inadequate to do the work which it contracted to do and failed to properly inspect the equip-

ment for safety and capacity before using such equipment.

■ Several defenses were asserted by defendant, among these being: That plaintiff had settled and released his claim; that plaintiff voluntarily assumed the risk of danger connected with his work; that plaintiff was guilty of contributory negligence; that its (defendant's) two employees, under the fellow-servant or loaned-servant doctrine, became the employees of plaintiff's employer and plaintiff could not recover for their negligence; and that it did properly inspect the equipment for safety and capacity to do the work and that the equipment used was the same type generally employed for this kind of work.

The record conclusively shows that the steel hook attached to defendant's unit broke; that a portion of the steel hook struck plaintiff; and that plaintiff sustained injuries. The jury was instructed that if plaintiff and the defendant's two employees, were working together as employees of the same employer at the time of the accident, the verdict should be for defendant. No proper exceptions were taken to this instruction. The jury was also instructed concerning defendant's duty in regard to furnishing safe equipment. Defendant did not object to this instruction and the evidence is sufficient to require such an instruction. In summation, the trial court instructed the jury that if it found that defendant's negligence was the proximate cause of the accident, *and* further found that the defendant's two employees were not fellow-servants of plaintiff, and that plaintiff was not guilty of contributory negligence, and that plaintiff was not bound by the contract of release, then its verdict should be for plaintiff. Insofar as necessary for our determination herein, the trial court, in effect, instructed the jury that even though defendant was negligent in furnishing a defective hook or was negligent in failing to properly inspect its equipment, plaintiff could not recover unless it also found that defendant's two employees remained de-

fendant's employees and did not become the loaned-servants of plaintiff's employer. This instruction is clearly erroneous and constitutes fundamental error.

In Britton v. Groom, Okl., 373 P.2d 1012, we said that it is the duty of the trial court to properly instruct the jury upon the decisive issues formed by the pleadings and evidence, and a failure to do so constitutes fundamental error, and this error of the trial court will be reviewed even though exceptions were not taken to the court's action.

Defendant contends that nowhere in the record, either directly or by inference, was any evidence introduced to show that it or its agents, was negligent in any way whatsoever. Defendant places this argument in issue by contending that its renewal of its demurrer and motion for directed verdict at the close of all the evidence should have been sustained.

■ Although defendant filed no cross-appeal the record and briefs are sufficient to present defendant's above argument and contention. This is based on the theory that a successful party may, without any cross-appealing or assigning errors, save its judgment by showing that errors were committed against him in the trial court which if corrected, will make the result reached in the trial court correct. See Woolfolk v. Semrod, Okl., 351 P.2d 742.

■ We have heretofore shown that the trial court instructed the jury concerning defendant's duty in regard to furnishing safe equipment and that defendant did not challenge the correctness of such instruction. We heretofore held that under the evidence submitted, this instruction was required, and this presented a question of fact for the jury to determine and the trial court did not err in not sustaining defendant's demurrer and motion for directed verdict at the close of the evidence.

Since we have found the instruction of the trial court constitutes fundamental error and necessitates a new trial, it is un-

necessary to consider the other specifications of error urged by plaintiff.

Reversed with directions to grant plaintiff a new trial.

JACKSON, C. J., and WILLIAMS, BLACKBIRD, BERRY, HODGES and LAVENDER, JJ., concur.