**Dow GUMERSON, Appellee,**

v.

**Chick FARHA, Appellant.**

**No. 47554.**

Court of Appeals of Oklahoma, Division No. 2.

June 24, 1975.

Released for publication by order of the Court of Appeals July 17, 1975.

George W. Dahnke, Foliart, Mills & Niemeyer, Oklahoma City, for appellee.

William R. Saied, Oklahoma City, for appellant.

BRIGHTMIRE, Judge.

This is the second appeal in this lawsuit.[1] The dispositive issue, we think, is reduced to deciding whether the error proposed here was decided against defendant-appellant in the first appeal, either expressly or by implication, thereby barring its review again. We hold it was.

Plaintiff-appellee, an architect, filed the original cause of action to recover $9,000 claimed to be due under a written contract. In June of 1970 a jury returned a verdict for appellee in the amount of $1,500. He appealed on the ground that the amount of the verdict was inadequate under the instructions and evidence. The court of appeals agreed, reversed the judgment, and remanded the case for a new trial.

The second trial, in March of 1974, was without a jury and resulted in a $9,000 award to appellee plus interest. From that judgment, appellant appeals advancing a single proposition, viz: "The court erred in finding for plaintiff and awarding judgment against defendant." In the body of his brief defendant narrows his complaint saying: "The real question we have: Was the work performed [by appellee] done under *the contract* [the written one sued on] or was it a separate agreement?" (emphasis ours) And this gives rise to the basic inquiry of whether the proposed question is still open for decision in this case.

A majority of jurisdictions abide by the rule that a decision of an appellate court on a first appeal is the controlling final law of the case not only as to all questions actually presented and decided, but all questions which could have been raised. The "law of the case," as the concept is referred to, bars such issues from being raised on a subsequent appeal. Oklahoma has invoked the underlying rationale of this rule in holding that the decision of an appellate court settles (insofar as it undertakes to decide them) "not only all questions actually presented, but all questions existing in the record and necessarily involved in the decision by implication . . . ." Jones v. Medlock, 201 Okl. 109, 202 P.2d 212 (1948); Moreland v. State, 175 Okl. 38, 51 P.2d 945 (1935).

■ This doctrine, in addition to placing an obligation on the original appellant to raise all errors then existing, seems also to impose a duty on the original appellee to raise existing errors either for the purpose of preserving a judgment, or attacking it in a cross-appeal. If he does, an adverse decision precludes a subsequent appellate review of the issue, and if he fails to raise them, he may, under certain circumstances, be precluded from presenting them on a later appeal. State v. Bauers, 25 Wash. 2d 825, 172 P.2d 279 (1946). The Indiana Supreme Court in Chicago, I. & L. R. Co. v. City of Bloomington, 182 Ind. 236, 105 N.E. 561 (1914), for example, refused to consider a point of error raised by appellant on a second appeal for the reason that it could have been presented in the first appeal as a cross-error. Having failed to have done so the court held that he "waived any right to its consideration on a subsequent appeal."

■ Directly supplementing this rule is a kindred one delineated in Short v. Guy Nall Trucking Co., Inc., Okl., 442 P.2d 497 (1968). The rule there stated is that a successful party may, without any cross-appeal or assignment of errors, save a judgment by showing that errors were committed against him in the trial court which, if corrected, either sustain the trial court result, or, under some circumstances have the effect of appellant receiving a more favorable judgment than is his entitlement (about the same thing advocated by defendant on the first appeal).

■ Implicit in the plea made by defendant in the first appeal was that plaintiff was not entitled to recover on the written contract (so that its breach was erroneously submitted to the jury) and that

---

1. The first appeal was taken by appellee and was decided by the Court of Appeals, Division 1 in an opinion published unofficially in 44 O.B.A.J. 2683 (1973).

while plaintiff should recover nothing, the most he ever could claim would be the value of his work product on a quantum meruit basis which is what the jury must have concluded. Since the instructional error in the first trial was against defendant and inured to the benefit of plaintiff, defendant either unsuccessfully argued it or waived it in order to get the matter disposed of—an error which if corrected would have resulted in plaintiff receiving either nothing or not more than $1,500.

The "law of the case" principles have virtue particularly if applied with reasonableness. The facts of this case, we think, bring it well within their parameters. We can find no escape from the implicity—that in the first appeal the foremost question was whether the court correctly submitted the case to the jury on the theory defendant owed plaintiff under the terms of the written architectural contract. The appellate court said it did. This has to follow from holding the damages awarded were reversibly inadequate under the "written contract" requiring a new trial.

In its opinion disposing of the first appeal the court of appeals recited that plaintiff's action was founded on a written contract employing him to perform some architectural work "in connection with the proposed construction of an office building."

"The only complaint . . ." continued the court, "[made] by the plaintiff is of the inadequacy of the verdict in his favor."

And as to defendant's position, the court says, "In his brief the defendant makes no attempt to argue that the verdict for the plaintiff of $1,500 was adequate as a recovery on the contract. He simply argues

that the jury did not find a verdict for the plaintiff on the contract but instead returned a verdict of $1,500 for the reasonable value of his services."

The appellate court then answered defendant's argument this way: "The difficulty with this argument is that the verdict of the jury was a general verdict and no restitution or quantum meruit theory of recovery was ever presented for the jury's consideration. No such theory was advanced in the pleadings or in the instructions. The sole issue presented to the jury under the instructions was whether or not the plaintiff could recover on the contract. Of course the parties are now bound on this appeal by the theory on which the case was tried below."

The opinion also disclosed that "defendant did not move for a new trial or cross appeal."

Consonant with our conclusion that the "law of the case" doctrine applies in this case is the fact it is correlated, it seems to us, to a significant corollary, namely, that upon remand the trial judge was fully justified in construing the earlier opinion as implicitly holding that the evidence was sufficient to warrant submission of the case to the jury on the theory of the written architectural contract having been breached in the first trial and that the only error committed was one by the jury in erroneously assessing damages arising from such breach. And whatever was binding on the trial court must of necessity have been binding on the parties.

The second trial was tried on exactly the same theory as the first—evidently because of just such an interpretation of the appellate opinion.[2] In the jury-waived proceed-

---

2. This conclusion is emphasized by defendant's very first statement in his brief: "First," he says "we must admit that plaintiff could not recover on a quantum meruit theory since such a theory was not presented in this case. Gumerson v. Farha, Court of Appeals, Oklahoma, #45528; Aug. 14, 1973 . . . the real question here is: Was the work done by plaintiff performed under the terms of the al-

leged written contract, or under a separate oral agreement entered into by the parties before they entered into the written contract?

"The opinion handed down by the Court of Appeals on August 14, 1973, appears to answer this question. The Court states the first trial was not tried on a quantum meruit theory. We agree. We also agree that the second trial was not tried on such a theory.

ing, the court found the contract was breached and awarded damages consistent with provisions of the written contract as impliedly authorized by the court of appeals.

It follows that if defendant did argue an erroneous submission of the contract breach to the jury as a then existing point of error on the first appeal it was resolved against him, and if he did not urge it he consequentially waived it.

To discourage litigiousness and fragmented appellate review with its concomitant undue procrastination of finality is the aim of the "law of the case" doctrine—a salutory objective serving to achieve a better and speedier administration of justice.

Affirmed.

NEPTUNE, P. J., and BACON, J., concur.

The case was tried on whether there was a contract and whether plaintiff performed under such alleged contract entitling him to recover."