TREESE, Adm'x., v. SPURRIER LBR. CO. et al.

No. 16810—Opinion Filed Dec. 8, 1925.

**1. Mechanics' Liens—Foreclosure Action Surviving Death of Owner.**

Under the provisions of section, 823, Comp. St. 1921, a pending action to foreclose a mechanic's and materialman's lien does not abate upon the death of the person against whose property the lien is sought to be foreclosed.

**2. Mechanics' Liens — Contractual Relation with Owner—Necessity.**

The right to a lien for labor and material going into improvements placed upon real estate is statutory and is dependent upon binding contract with the owner, or with some one lawfully contracting with him, for such labor and material.

**3. Same—Foreclosure Action Surviving Death of Party.**

An action for the foreclosure of a mechanic's lien against specific real property is not an action for the recovery of any property, or for possession thereof, but it is an action founded upon contract, and it is a general rule, applicable both at common law and under the statutes of this state, that causes of action based upon contract survive the death of either party and may be enforced by or against his personal representative, and under the statutes pending actions, ex contractu, do not abate.

**4. Abatement and Revival—Survival of Actions Founded on Contract.**

Under section 1198, Comp. St. 1921, all actions founded upon contract may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators and intestates.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Payne County; Charles C. Smith, Judge.

Action by Spurrier Lumber Company and others against Rosalie Treese, administratrix of the estate of Albert L. Treese, deceased. From judgment in favor of plaintiffs, defendant brings error. Affirmed.

Walter Mathews, for plaintiff in error.

Wilcox & Swank, for defendants in error.

Opinion by PINKHAM, C. This action was instituted in the district court of Payne county by the Spurrier Lumber Company, et al., as plaintiffs, against Robert M. Carpenter and Albert L. Treese, as defendants, to recover for labor and other material furnished to Robert M. Carpenter, a contractor, in constructing a building for the owner, Albert L. Treese. Personal judgment was sought against the contractor and a lien was sought on the property of the owner, Treese.

From a judgment in favor of the plaintiffs for the full amount sued on against the defendant Carpenter, and which was decreed to be a valid lien against the property of the defendant Treese, an appeal was taken by the defendant Albert L. Treese to this court on the theory that the trial court committed error in sustaining an objection to certain proof offered by defendant Treese, which tended to prove that sums of money amounting to more than the contract price had been paid for labor and material used in constructing said buiding. This court held that it was error to exclude the testimony offered, and reversed the cause for a new trial, and stated in the opinion (Treese v. Carpenter et al., 92 Okla. 21, 222 Pac. 230) as follows:

"During the progress of the trial, there was some testimony produced tending to show that the building was constructed through a partnership agreement between Treese and Carpenter, which, if true, would make Treese personally liable for the material furnished, and give the plaintiff a lien for the amount thereof on said property; the plaintiff sought to amend its petition to conform to this proof, but the court denied the plaintiff this right. Since this case will be retried and the question is likely to arise again, we think it is proper for the plaintiff to amend its petition in this regard, and this theory of the case should be submitted to the jury under proper instruction."

While the case was pending in this court Albert L. Treese died, and the cause was revived against his administratrix, Rosalie M. Treese, who had previously filed her consent to the revivor of the cause.

After the cause was remanded to the trial court the plaintiff filed an amendment to the original petition as suggested by the court in the opinion referred to. A jury was waived and the cause was tried to the court, resulting in a judgment in favor of the plaintiff for the amount sued for, and that the same constituted a valid lien against the property involved in the action, and that said lien should be foreclosed and the real estate sold to satisfy the same, and further that the plaintiff was not entitled to a deficiency judgment for the reason that proper claim was not filed with the administratrix within the four months' period allowed by law, and

that if, at the sale, the property failed to bring the amount of the judgment, the plaintiff is not entitled to a judgment over against the estate.

For reversal of the judgment counsel for plaintiff in error first presents the following proposition:

"Does that part of an action to foreclose a lien, other than the action to recover a personal judgment for the debt, survive?"

Counsel states in his brief that this question is properly presentable under all of the assignments of error. The argument is that if it does survive, it must do so solely by force of section 822, C. S. 1921. The section of the statute referred to is as follows:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, shall also survive; and the action may be brought, notwithstanding the death of the person entitled or liable to the same."

The argument is that the action did not survive at common law; that if it survives, it must come within the purview of those additional actions made to survive by the statute; that it must be an action to recover: (1) Mesne profits; or (2) an injury to the person; or (3) an injury to the real estate; or (4) injury to the personal estate; or (5) for deceit or fraud.

It is contended that it has been definitely settled by this court, in the case of City of Shawnee v. Cheek, 41 Okla. 227, 249, 137 Pac. 724, that the only actions that survive are those enumerated in section 822, supra, and that section 823 does not add any to the schedule.

Section 823, C. S. 1921, is as follows:

"No action pending in any court shall abate by the death of either or both parties thereto, except an action for libel, slander, malicious prosecution, for a nuisance or against a justice of the peace for misconduct in office, which shall abate by the death of defendant."

There is no conflict between these sections. Section 822 refers to actions that may be brought, notwithstanding the death of the person entitled or liable, while section 823 refers to pending actions which shall not abate upon the death of either or both parties, except such pending actions as are specifically mentioned therein. We are of opinion that section 822, supra, is in no manner a restriction upon section 823, and that nothing said in the case of City of Shawnee v. Cheek, supra, was intended to hold that as to pending actions none of them survive under section 823, except those mentioned in section 822. The language relied upon in the Cheek Case appears to be purely dicta.

It is further urged that even though the action survives under section 823, the lumber company is not in a position to make the claim that the action was pending at the time of the death of the defendant Treese, on the theory that after his death an amendment was made seeking personal judgment against the estate; that the amendment constituted a new and different demand, and did not relate back to the beginning of the action.

It will be observed that the amendment in question was made in conformity with the former decision of this cause by this court. The order, having been made by this court in the former appeal, became the settled law of the case (Reed v. Robinson, 92 Okla. 107, 219 Pac. 296). But aside from this, the final judgment rendered by the district court in this appeal only establishes a lien against the premises of the defendant. No judgment was rendered against the administratrix of the estate. Therefore the judgment is not based upon any new or different demand, but grants the same relief prayed for in the original petition.

A further proposition is presented as follows: "Can a mechanic's lien on real estate be foreclosed where the personal representative of the owner alone is a party?" As before stated, the administratrix, in her representative capacity, filed her consent to the revivor of the said cause in her name and named herself a party in this court for the purpose of reversing the judgment in the former appeal.

In the case of Carr v. Farrell (Kan.) 64 Pac. 22, it is held in the syllabus:

"A plaintiff in error died pending proceedings commenced by him in this court. On application of his heirs and personal representative, they were substituted as parties in place of the deceased, and prosecuted the proceedings in error to a final determination. Held, that by such action they are estopped from asserting that the judgment which they sought to reverse was not properly revived against them in the court where it was rendered."

Furthermore, section 1198, C. S. 1921, provides:

"Actions for the recovery of any property, real or personal, or for the possession thereof, and all actions founded upon contracts, may be maintained by and against

executors and administrators in all cases and in the same courts in which the same might have been maintained by or against their respective testators and intestates."

The instant action, being for the foreclosure of a lien against specific real property, is not an action for the recovery of any property or for possession thereof, but it is an action founded upon contract, and the personal representative is the proper party against whom the action must be maintained.

"It is a general rule, applicable both at common law and under the statutes of the several states, that causes of action based upon contract survive the death of either party and may be enforced by or against his personal representative, and under the statutes pending actions, ex contractu, do not abate." 1 C. J. 181, sec. 326.

An action to foreclose a mechanic's lien is an action founded upon contract.

"The right to a lien for labor and material going into improvements placed upon real estate is statutory, and is dependent upon a binding contract with the owner of the real estate, or with some one lawfully contracting with him, for such labor and material." Lee v. Tonsor, 62 Okla. 14, 161 Pac. 804.

In Columbian Nat. Life Ins. Co. v. Lemmons, 96 Okla. 228, 222 Pac. 255, the third paragraph of the syllabus is as follows:

"Under section 1198, Comp. Okla. Stat. 1921, all actions founded upon contract may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators and intestates."

The contention that this action cannot be maintained against the personal representative but only against the heirs cannot be sustained. McClung v. Cullison, 15 Okla. 402, 82 Pac. 499; Jameson v. Goodwin, 43 Okla. 154, 141 Pac. 767.

Section 223, C. S. 1921, is as follows:

"An action does not abate by the death or other disability of a party, or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. In case of the death or other disability of the party, the court may allow the action to continue by or against his representatives or successors in interest, upon such terms and in such time as may be just under the circumstances presented. In case of any other transfer of interests, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

This section has been construed by this court in a case involving the foreclosure of a mechanic's lien in the case of Glenn v. Payne, 48 Okla. 196, 149 Pac. 1151, and it was there held that the action survived and was properly revived in the name of the personal representative under authority given by section 223, supra.

The proposition that the action was barred by the statutes of limitation is, we think, without merit. This contention is based upon the theory that the amendment was based upon a new and different demand and was filed more than three years after the discovery of the facts, and is therefore barred by the statutes of limitation. It is sufficient to say that if the trial court had permitted the amendment to have been made as this court, in the former appeal, held it should have done, the amendment would have been filed on October 1, 1919, which was less than three years from the time that the material was furnished.

Section 190, C. S. 1921, is as follows:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

The action was commenced in the district court on January 17, 1918. The first case was tried October 1, 1919, and appealed to the Supreme Court and decided by this court on July 24, 1923, and the amended petition was filed on October 20, 1923.

Other questions are raised in the brief of defendant which we deem unnecessary to discuss.

We conclude, from a careful examination of the entire record, that no reversible error was committed in the trial of this cause, and that the judgment of the trial court should, we think, be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 1 C. J. p. 207, § 401; 27 Cyc. p. 52. (2) 27 Cyc. pp. 18, 50, 51 (Anno). (3) 1 C. J. p. 181, § 326; 27 Cyc. pp. 50, 323. (4) 1 R. C. L. 22: 1 R. C. L. Supp. p. 13; 4 R. C. L. Supp. p. 3; 1 R. C. L. p. 28.