## FABIAN v. GRIESEL, Ex'r.

No. 27724. Nov. 2, 1937.

E. M. Frye, Chas. Ed. Frye, and Eck E. Brook, for plaintiff in error.

John W. Porter, for defendant in error.

DAVISON, J. This action was commenced as one for damages for injuries allegedly incurred by the alleged malpractice of one C. C. Youmans, a dentist of Muskogee. After the petition was filed and before answer day, Dr. Youmans died testate, and the defendant in error was appointed executor of his estate. Thereafter, on October 21, 1935, and April 20, 1936, the plaintiff filed successive motions to revive the action. On August 26, 1936, the Honorable Enloe V. Vernor, presiding judge of one of the divisions of the district court of Muskogee county, sustained said motions and entered an order purporting to revive said cause in the name of "Edward C. Griesel, administrator of the estate of C. C. Youmans, deceased." Thereafter, on August 27, 1936, a motion was filed to vacate said order on the ground that the purported order of revivor entered on August 26th was made without statutory notice of plaintiff's motion having been given and in the absence of counsel for the defendant. On September 24th, this motion to vacate the order of revivor was overruled and exceptions preserved. Again, on September 29th, the motion to vacate was considered, and the court entered an order setting aside its former order overruling motion to vacate its order of revivor and once more overruled the motion to vacate its order of revivor, and exceptions thereto were allowed. In said order the court found "that no notice

was ever served or had for the revivor of said action and no consent given therefor by said executor or his said attorney." The executor filed his answer as required by the last order of the court previous thereto and therein he renewed his objection to the purported revivor of said cause on the ground that same was not done as provided by law. On October 17, 1936, when this case came on for trial before a jury, with the Honorable O. H. P. Brewer, judge of another division of the district court of Muskogee county, presiding, counsel for the executor again renewed his objection to the manner in which the cause had purportedly been revived by an oral motion to dismiss, and the court thereupon dismissed the action with prejudice on the ground that no notice of plaintiff's motion to revive had ever been issued or served as provided by law. On October 20th and 23rd, plaintiff filed pleadings designated as "Motion for Rehearing" and "Amended and Supplemental Motion for Rehearing", respectively, and on October 31st, at a hearing on same, the defendant introduced evidence that no statutory notice of plaintiff's motion for a revivor of said action was ever issued and that defendant had never consented to said cause being revived. Thereupon, the court entered orders overruling both the motion and amended motion for rehearing and an order overruling motion to vacate the order of dismissal was also filed. From these orders, plaintiff perfected his appeal to this court.

1. Plaintiff complains of the trial court having sustained the executor's motion to dismiss for the reason asserted in his first assignment of error that no evidence was introduced in support thereof, and for the further reason asserted in his third assignment of error that he "had the right and was entitled under the law to file a supplementary and amended petition amending and reviving his cause of action in the manner and under the conditions set forth under section 156, O. S. 1931." He contends that an action can be revived under section 156 by order of the court and the filing of an amended petition as well as by proceeding under sections 577 and 578, in which notice of the application for the order must be served upon the adverse party. Oklahoma authorities cited for this contention that the method of revivor provided by the latter statutes is not the only manner in which revivor may be had are Boyes v. Masters, 28 Okla. 409, 114 P. 710; Glenn v. Payne, 48 Okla. 196, 149 P. 1151, and Vaughn v. Osborne, 103 Okla. 59, 229 P. 467. In Southern Surety Co. v. Williams, 105 Okla. 44, 231

P. 293, this rule allowing revivor under the former section upon the filing of amended and supplemental pleadings and the acquisition by the court of jurisdiction over the substituted defendant is also recognized. Counsel for the executor cites no authority overruling the above-mentioned opinions, but contends that when a litigant who applies for revival of an action has notice of the death of the adverse party, "he must proceed under and strictly comply with section 578 of the 1931 Oklahoma Statutes," and cites Edwards v. Asher, 95 Okla. 39, 217 P. 869, and Zahn v. Obert, 60 Okla. 118, 159 P. 298, as authority therefor. With this contention we are unable to agree. A reading of the two opinions cited reveals that section 156, O. S. 1931 (sec. 223, C. O. S. 1921), was not under consideration in either of those cases. It is true that section 156 does provide for revivor in a somewhat different method than that provided for in sections 577 and 578, and had plaintiff addressed the trial court by a motion or application for permission to file an amended or supplemental petition which stated a cause of action against Edward C. Griesel, as the personal representative of the deceased, he might have been in a position to predicate error upon an adverse ruling thereon. We are unable to consider any such error here, however, for the reason that the record does not disclose that such a motion or application was ever actually presented to the trial court, nor any steps taken toward amending plaintiff's petition so as to have the executor properly substituted as a party defendant.

2. As to the plaintiff's contention that the trial court erred in dismissing the case without the introduction of any evidence in support of the executor's motion to dismiss, it is sufficient to say that the introduction of evidence was unnecessary for the reason that the record itself disclosed at the time the motion was heard that the court then was without jurisdiction of the executor's person, the executor having not been properly substituted as party defendant. The order made by Judge Vernor on September 29th contains a finding of fact, undisputed by the record, "that no notice was ever served or had for the revivor of said action and no consent given therefor by said executor or his said attorney." From this and the absence from the record of any other proceedings purporting to confer jurisdiction upon the executor, it was evident that neither method of revivor had been carried out and that the executor was not in any legal sense a party to the action.

3. But plaintiff further argues that the

executor waived all objections to the jurisdiction of the court over his person by appearing in court and announcing ready for trial without entering an objection. In all of the cases cited in support of this contention, the movants submitted themselves to the jurisdiction of the court by the filing of motions based upon jurisdictional as well nonjurisdictional grounds, while in the present case the only motions made by the defense, in effect, challenged the court's jurisdiction over his person for the reason that the cause had not been legally revived against him. We believe the rule applicable here is correctly stated in K., O. & G. Railway Co. v. Martin, 175 Okla. 73, 51 P. (2d) 577, wherein we said:

"A defendant cannot be brought into court except as the law directs, and when he is illegally summoned therein, may appear specially and challenge the jurisdiction of the court, and if the challenge is overruled, save an exception thereto and defend the action, avoiding any request for affirmative relief, and have the error corrected by this court."

The motion of the executor to vacate the order of revivor was in substance a special appearance and challenge of the court's jurisdiction in making the order. By the court's order overruling his motion he was required to answer over his objections, but he preserved his exceptions and renewed them by motion to dismiss, avoiding at all time the making of any request for affirmative relief against the plaintiff. It is, therefore, our opinion that when counsel for the executor appeared on trial day protesting, as he was, the court's assumption of jurisdiction over his client, that this did not constitute a general appearance on behalf of the executor or a waiver by him of process or notice.

4. It seems to be plaintiff's contention that in revivorship proceedings under section 156, O. S. 1931, the one-year limitation period imposed by section 584, O. S. 1931, does not apply, but that the method of revivor provided therein may be allowed by the court within a reasonable time. In Edwards v. Asher, supra, it has already been decided that the limitation applies to such proceedings as well as to those had under sections 577 and 578, O. S. 1931.

5. Counsel for the executor argues that the action cannot be revived. He does not say so, but we presume that by this conclusion he attempts to justify the action of the court in dismissing this cause with prejudice to a future action. In Glazier v. Heneybuss, 19 Okla. 316, 91 P. 872, we said that where the period allowed by statute for revivor had expired, the trial court was warranted in dismissing the action, but in the present case, this period had not expired on the date of the dismissal. In the case just referred to, it was the plaintiff who had died, and there we held that the one-year period began to run after the expiration of a reasonable time from his death in which a legal representative might have been appointed. We see no reason why the rule laid down in that case should not be equally applicable to a case like the present one, in which it is the defendant who died. Here, only 22 days elapsed between the date of the defendant's death and the date that the executor was appointed. We cannot say that this was an unreasonable time. The executor was appointed October 17, 1935, and the court dismissed the action on October 17, 1936, or within one year after the date on which the order of revivor might have been first made, computing the period as provided by section 22, O. S. 1931. Thus, the trial court's dismissal of this case cannot be justified on the theory that revivor was barred and the action had abated on the date thereof.

6. However, we think that the trial court would have been legally justified in dismissing the action without prejudice. When it came on for trial, there was no statement of a cause of action on file whatsoever, except the original petition which named Dr. C. C. Youmans as the defendant. He had been dead for many months, and consequently the action had abated as to him. No one had been properly substituted for him to defend the action. The court could have accomplished nothing in attempting to proceed with the trial lacking a defendant. Confronted with such a situation, the trial court was within its power in dismissing the action without prejudice under subdivision 3, section 418, O. S. 1931.

In accordance with the views herein expressed, the judgment of the trial court is modified so as to effect a dismissal without prejudice, and the same is hereby affirmed, as modified, the costs of this appeal to be equally divided between the parties.

OSBORN, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.