JERSAK v. RISEN, Ex'x.

No. 31069. Oct. 17, 1944.

*152 P. 2d 374.*

424

T. R. Blaine, of Enid, for plaintiff in error.

Al T. Singletary and James B. Simms, both of Perry, for defendant in error.

GIBSON, V. C. J. Defendant below appeals from an order of the district court denying motion to recall execution issued on a money judgment.

The ground assigned in the motion was that the judgment had become dormant and had not been revived in the time and manner provided by law.

The plaintiff below died testate soon after obtaining the judgment, and approximately five months thereafter the defendant in error was appointed executrix of his will. In less than one year after her appointment, but approximately 17 months subsequent to the death of the judgment creditor, the executrix moved for and obtained an order reviving the judgment.

The motion to revive excused the delay of five months in the appointment of the executrix by asserting that such delay was caused by objections to the probate of the will lodged by certain of the testator's heirs.

The execution in question was issued some three years after the executrix was appointed.

Defendant's contention is that the order of revivor was made more than a year after the date it could have been first made, and without her consent, and was therefore void. 12 O. S. 1941 §§ 1072, 1077, 1078; Bartlett Mortgage Co. v. Morrison, 183 Okla. 214, 81 P. 2d 318.

But the trial court held that the proceedings to revive were regular, and that the order of revivor was made within the time allowed by law, and, by reason of the provisions of 12 O. S. 1941 § 1066, no notice to or consent of defendant was necessary to the validity of the order.

Defendant assigns the holding as error.

After judgment, a deceased party's personal representatives may be made parties thereto, and a dormant judgment may be revived in the same manner as is prescribed for reviving actions before judgment. Sections 1077, 1078, supra.

The time for making the order of revivor in the names of plaintiff's personal representatives is fixed by section 1072, supra. The applicable portion thereof reads as follows:

"An order to revive an action, in the names of the representatives or successor of a plaintiff, may be made forthwith, but shall not be made without the consent of the defendant, after the expiration of one year from the time the order might have been first made."

Said section 1066, so far as material here, reads as follows:

"If the order is made for the revivor upon the death of any plaintiff in the names of his representatives or successors to whom his right has passed, or by the consent of the parties in the case of the death of a defendant, the action shall forthwith stand revived without notice."

A comparison of the two latter sections discloses that an action may be revived in the names of a deceased

plaintiff's representatives, without consent or notice, within one year from the time the order of revivor might have been first made.

Inasmuch as consent to the revivor is wanting, the question here is, Was the order of revivor made within one year from the time the order might have been first made?

It is urged on strength of the holding in Glazier v. Heneybuss, 19 Okla. 316, 91 P. 872, that the order came too late. The pertinent facts and holding there are as follows:

"On the 12th day of May, 1902, she suggested the death of the deceased, and, upon giving thirty days' notice from that date, had she filed her petition, she could have been appointed the legal representative and had the order of revival 'made forthwith'; but, instead, the order of revival was not made until December 1, 1903, or nearly 18 months after the time in which it 'might have been made.' Without the consent of the defendants, and no showing for the delay, can it be said that the district court erred in finding that the order of revival was not made within one year from the time it 'might have been first made?' . . .

"It is true the order of revival could not have been made until the appointment of the administratrix; but it was within the power of plaintiff in error to have had that appointment made. It was a condition precedent to the order of revival. The law required her to act. She offers no evidence explanatory of the delay. She knew of the death of the plaintiff. The law said: 'You may be appointed administratrix, if you file your petition and give the required notice.' There were no other petitions filed for that appointment; and her petition, when filed, was not contested."

The fact that the court there took into consideration the absence of any excuse for delay in reviewing the action of the trial court, in holding that revivor was not had within the time it might have been made, evinces not only a recognition that circumstances other than mere lapse of time may be determinative of the time when the opera-tive period of the one year shall begin but also that it is incumbent upon the trial court to take same into consideration.

In the instant case the delay in the appointment and qualification of executrix is accounted for by contest over decedent's will. Immediately on the conclusion thereof the executrix qualified, and within one year therefrom the revivor was sought and had. It is not contended the contest was not sufficient to delay the appointment of the executrix but the effect thereof is sought to be nullified upon two grounds, one, the right to an appointment of a special administrator who could within a year after death have moved for the revivor, and, the other, that under the decisions of this court the district court was without jurisdiction to make the order of revivor after the period of one year following death.

Touching the first ground mentioned, we hold that the language "upon the death of the plaintiff in an action, it may be revived in the names of his representatives, to whom his right has passed," as used in 12 O. S. 1941 § 1068, contemplates in case of personal assets an administrator or executor having general powers as such under the law. Supporting this conclusion is Rexroad et al. v. H. N. Johnson, 4 Kan. App. 333, wherein, in construing the quoted statute, there is said:

"In determining in whose name the action should be revived, we must determine who would have been the proper party to bring the suit if it had been commenced after the death of the plaintiff. To whom do the rights of the decedent pass? This is clearly provided for by paragraph 4527 of the General Statutes of 1889, which reads as follows:

"'Upon the death of the plaintiff in an action, it may be revived in the names of his representatives, to whom his right has passed. Where his right has passed to his personal representatives, the revivor shall be in their names; where it has passed to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names.'

426

"There can be no question but that the rights of the plaintiff in this case passed to the administrator. The subject matter of this action is part of his personal estate, and will be subject to the payment of his debts if the replevin is sustained, and will be charged against his estate if the present judgment is affirmed."

The rights and duties thus emphasized as the basis of the court's conclusion are those which by operation of the general law are granted to and required of administrators, and not those pertaining to the office of special administrator appointed pending contest. The duties of such special administrator are specific and prescribed by statute (58 O. S. 1941 §§ 211, 215) and are chiefly to collect and take charge of the estate and exercise such powers as may be necessary to preserve the same pending the appointment of administrator, and immediately upon such appointment his powers, other than that to deliver the assets to such administrator, cease (58 O. S. 1941 § 216). The function of a special administrator is similar to and has been compared with that of a receiver. In Re Moore's Estate, 88 Cal. 1, 25 P. 915, it is said:

"The office and duties of a special administratrix are very similar to those of a receiver in equity. Each is appointed by the court to take charge, under its directions, of property in litigation, or which is involved in the proceedings before it, with a view to its care and preservation for the parties to whom the court may ultimately decide that it belongs. The powers and duties of each are special, and limited to such as are defined by statute, or expressed in the order of his appointment, or which he may from time to time receive for the purpose of more effectually preserving the estate intrusted to his charge."

The rights and duties of a special administrator are rather in contradistinction to than comparable with the rights and duties of the representative contemplated by the revivor statute.

Furthermore, whereas by the terms of 12 O. S. 1941 § 1063 revivor is required in case of a party in representative capacity when his powers as such cease as well as upon death of a party, it would follow that even if there were revivor in name of special administrator there would be need for another revivor upon cessation of his power as such upon appointment of the administrator. This fact and the near certainty of its occurrence by reason of the limited power and short term of office of special administrator tends to support the conclusion we have reached. However, whether or not there could be a revivor by or against a special administrator, and especially when an asset of the estate might be lost without revivor, which would seem to invoke the power of special administrator to preserve the estate, and whether by an appointment of a special administrator for any purpose the limitation period for revivor would begin to run, are questions not within the scope of the issue here, and we express no opinion thereon. Our decision here is, the mere fact that a special administrator could have been appointed and that such special administrator, if authorized so to do in law, could have obtained an earlier revivor, is insufficient as reason for holding invalid the revivor here had within one year from the appointment of the executor.

The other ground urged, to wit, that the court was without jurisdiction to make the order after expiration of one year, is not tenable. Such contention confuses a situation where, as here, the judgment was not dormant by reason of lapse of time without execution, but dormant only by reason of death of the judgment owner, with that where dormancy by reason of lapse of time is the sole question. For support of this contention reliance is placed on the doctrine announced in Bartlett Mortgage Co. v. Morrison et al., 183 Okla. 214, 81 P. 2d 318, reflected in the following syllabus, which is quoted in brief, towit:

"Section 590, O. S. 1931 (12 Okla. Stat. Ann. § 1078), governs the revivor of dormant judgments and it is both a limitation and a condition upon the right to revive; and where an application for revivor is filed on the last day

of the year after a judgment has become dormant and notice is given of a date for hearing the application after the expiration of the year, the court is wanting in power to revive the judgment unless the judgment debtor consents."

There, no death of party had occurred but five years had elapsed since issuance of last execution and application for revivor was filed on the last day of the sixth year and set for hearing on a day beyond. The court expressly declared the question of revivor turned upon construction of 12 O. S. 1941 § 735, and based its decision upon the construction of that statute as announced in Edward Thompson Co. v. Bristow, 116 Okla. 243, 244 P. 429, wherein the doctrine is announced as follows:

"Section 695, Comp. St. 1921, provides, in effect, that a judgment shall become dormant when five years have elapsed from the date of issue of the last execution. It follows that on the expiration of five years from and after February 5, 1919, the date the execution was issued, the judgment here sought to be revived became dormant, and the judgment plaintiff had a year in which to procure an order reviving it. This is the plain import of the language of the statutes. The language used in section 837, supra, plainly means that the day fixed in the notice for presenting the application must fall within the year and not after the expiration of the year."

From this it clearly appears the doctrine sought to be relied on is referable to the construction of statute that is not involved in the instant case and is pertinent only to a state of facts that do not obtain here.

Defendant takes the further position that the five-year statute, supra, was not suspended by the revivor of the judgment but regardless thereof became dormant after five years from the date of the entry of judgment.

Little argument is advanced in support of this contention, and no authority cited.

The only authority on the point now coming to our knowledge is the Kansas case of Manley v. Mayer, 68 Kan. 377, 75 P. 550. That decision does not support defendant's view. Our statutes above, sections 735 and 1072, were adopted from Kansas, and in construing those sections in a similar situation, the court in the cited case held as follows:

"A judgment in this state becomes dormant by the death of a party. Its revivor in the name of the representative of such party restores the judgment to full force, and gives it effect for the ensuing period of five years, without execution, to the same extent as a revivor in the case of a judgment that has become dormant for want of an execution."

That rule is adopted here. The revivor of the judgment on the death of the judgment creditor started the five-year statute anew.

The judgment is affirmed.

CORN, C. J., and OSBORN, BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur.