## TEXAS TITLE GUARANTY CO.
## v. GOODWIN.

No. 32186. May 13, 1947.

*180 P. 2d 835.*

W. F. Schulte, of Ada, for plaintiff in error.

Anglin, Stevenson & Huser, of Holdenville, for defendant in error.

ARNOLD, J. A motion was filed by the Texas Title Guaranty Company, a corporation, to revive a judgment against Mae M. Goodwin, administratrix with will annexed, of the estate of C. E. Goodwin, deceased. The motion was overruled and revivor denied.

The motion to revive the judgment was filed October 16, 1944, and in substance alleged that movant had theretofore recovered a judgment in the district court of Pontotoc county against C. E. Goodwin and Mae M. Goodwin in the sum of $1,046.97, with interest thereon, and that said judgment had been kept alive by successive executions; that C. E. Goodwin died on October 15, 1943; that the administratrix was appointed and qualified as such on November 10, 1943; that by reason of the death of C. E. Goodwin the judgment had become dormant entitling movant to have it revived against the administratrix of his estate.

Notice of the motion to revive was served personally upon Mae M. Goodwin, as administratrix with will annexed, of the estate of C. E. Goodwin, deceased, on October 27, 1944. In said notice the time for presentation of the motion was fixed for November 3, 1944.

After a motion to quash the notice and demurrer to the motion were overruled, the administratrix filed response to the motion to revive in which she pleaded the statute of limitation of one year as a bar to the proceeding to revive the judgment. Other matters were alleged in the response, but in view of the single issue presented it is unnecessary to state them in detail.

To this response the movant filed reply in the form of a general denial, together with allegations specifically answering the other matters of defense set up in the response.

After hearings had on the 3rd and 10th of November, 1944, the trial court overruled the motion and denied the revivor upon the ground that the proceedings were not timely brought.

Movant has made five assignments of error in its petition but presents these in its brief under the single proposition:

"That the proceedings to revive the

judgment were timely and the judgment should have been revived."

Under this proposition it argues only that revivor of its judgment would necessarily be against the personal representative of the judgment debtor; that the date of the appointment of such representative would be the date when revivor could be first made and that the order denying revivor in this case was made exactly one year after the date of the appointment and qualification of the administratrix of the estate of the deceased judgment debtor.

Respondent's first proposition in her brief is the negative of movant's proposition above quoted so that the two may be properly considered together. In support of this proposition movant cites sections of our statutes and opinions of this court construing and applying the same. Respondent cites only one authority in support of her contention, that being the case of Drew v. Thurlwell, 173 Okla. 405, 48 P. 2d 1066. This citation may be disposed of by the statement that it is inapplicable to the facts here presented and is not an authority which supports respondent's contention because in that case there was a joint judgment and one of the joint judgment creditors died, resulting in dormancy of the judgment. Upon failure of the surviving judgment creditor to revive the judgment within the statutory period, the judgment ceased to exist as a valid claim against the judgment debtors.

The sections of our statutes cited and relied on by movant are all contained in 12 O.S. 1941 and relate to revivor of actions and judgments. Section 1077 provides that in the event of the death of either party to a judgment, before the satisfaction thereof, such judgment may be revived in the name of the representatives, real or personal or both, as the case may require, of the deceased in the manner provided for reviving actions before judgment. Section 1069 provides that upon the death of a defendant to an action wherein the rights of the plaintiff survive against the personal representative of defendant, the revivor shall be against such personal representative. Section 1071 provides that the revivor of an action against the personal representatives or successors of a deceased defendant shall not be made without consent unless within one year from the time it could have been first made, except as otherwise provided by law. Section 1072 provides for the revivor of an action in case of the death of a plaintiff therein before judgment in the names of the representatives or successors of the plaintiff, forthwith, but not after one year after the order might have been first made without the consent of the defendant, and contains the following proviso:

"Provided, that where the death of a party is not known or for other unavoidable reasons the court may permit the revivor within a reasonable time thereafter."

This court has considered and applied these various provisions of the statutes relating to revivor in several cases. We have uniformly held that the revivor of a judgment after the death of either party thereto must be done at the time and in the manner prescribed for revivor of actions before judgment.

In the instant case the judgment debtor, C. E. Goodwin, died October 15, 1943, and his administratrix was appointed and qualified November 10, 1943. The revivor of said judgment could only be had against his representative. Prior to the appointment there was no person upon whom notice of motion to revive could be legally served in view of the rule announced by this court in Glazier v. Heneybuss, 19 Okla. 316, 91 P. 872; Glenn v. Payne, 48 Okla. 196, 149 P. 1151; Fabian v. Griesel, 181 Okla. 137, 73 P. 2d 180; Jersak v. Risen, 194 Okla. 423, 152 P. 2d 374. We are of the opinion that the one-year statute of limitation did not begin to run until the 11th day of November, 1943, so that the hearing had upon the motion to revive herein on the 10th day of November, 1944, was within one year from the date of which revivor could have been first made. A delay of 26

days between the death and the appointment and qualification of the administratrix was not unreasonable. We are, therefore, of the opinion that the trial court erred in overruling the motion to revive.

Respondent's second proposition in her brief presents the question of the corporate capacity of the movant herein to maintain this proceeding. Her proposition is thus stated:

"The plaintiff, a foreign corporation, not having complied with the laws of the state, relative to foreign corporations, could not maintain this action to revive the judgment over the objections of the defendant."

This was one of the contentions made by respondent in her response to the motion to revive the judgment. In its reply to this response movant pleaded, among other things, that the question thus sought to be raised was res adjudicata because in the original foreclosure action no such defense was interposed by the defendants therein. The pleadings in the original foreclosure action, appearing in the case-made as exhibits, show that no issue was raised or presented therein as to the corporate capacity and legal authority of the movant therein to prosecute that action. This question could have been raised in the original action, but not having been raised, respondent is now foreclosed from raising it for the first time on this motion to revive the judgment. This rule is well established and has been long adhered to by this court. Deming Inv. Co. v. Shannon, 62 Okla. 277, 162 P. 471; Stark v. Stark, 185 Okla. 348, 91 P. 2d 1064; Wheeler v. Smoot, 183 Okla. 447, 83 P. 2d 186; Home Development Co. v. Hankins, 195 Okla. 632, 159 P. 2d 1013.

For the reasons stated under the first propositions herein, the order of the trial court overruling the motion to revive, and the judgment based thereon, are reversed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.