E. C. HOPPER, as Executor of the Estate of C. E. Foley, Deceased; Rosa L. Foley, Connie Foley, Marshall R. Foley, and Sue Elyse Foley, Plaintiffs in Error,

v.

Maxwell J. ROWNTREE, Defendant in Error.

No. 35736.

Supreme Court of Oklahoma.

May 4, 1954.

As Amended Oct. 19, 1954.

Rehearing Denied Oct. 19, 1954.

 

E. C. Hopper, White & Parris, Eufaula, for plaintiffs in error.

George H. Jennings, Sapulpa, for defendant in error.

O'NEAL, Justice.

This is an action wherein plaintiff seeks to recover an undivided one-eighth ($\frac{1}{8}$) interest in 220 acres of land located in Creek County, Oklahoma, and for an accounting of the rents and profits therefrom. From a judgment in favor of the plaintiff, defendants appeal.

Maxwell J. Rowntree, plaintiff, and C. E. Foley, Sr., defendant, will be referred to as plaintiff and defendant, respectively, and E. C. Hopper, executor of the estate of C. E. Foley, Sr., deceased, as the executor.

In plaintiff's original petition it was alleged that the defendant and one K. B. Turner purchased the described land at sheriff's sale on April 28, 1921, for the sum of $14,005; that the defendant thus acquired an undivided one-half interest in the land for his use and benefit, and for the use and benefit of the plaintiff and C. H. Tully; that plaintiff paid defendant one-eighth of the purchase price of the land, to-wit, the sum of $1,750.62; that all of the parties under said transaction owning an interest in the land agreed that title thereto should stand in the name of the defendant and K. B. Turner as a convenience in the development of the land as an addition to the town of Drumright, Oklahoma, and in the sale of lots and acreage; that defendant executed and delivered to plaintiff a quitclaim deed covering the one-eighth interest in the land and at defendant's request the deed was not recorded, thus obviating the necessity of plaintiff joining in deeds to be executed by defendant and Turner to prospective purchasers of the lots and acreage tracts.

After the execution of the quitclaim deed, at defendant's request, plaintiff surrendered his deed to defendant, and defendant executed another quitclaim deed to plaintiff covering the land not previously sold. Similar deeds were surrendered by plaintiff five times, and on each occasion defendant executed substituted quitclaim deeds except for the last deed surrendered by plaintiff to defendant; that defendant refused to reissue the last quitclaim deed to plaintiff.

Plaintiff alleged that defendant has acted as agent or trustee for plaintiff and has paid plaintiff out of the net income of the sale of lots and acreage the sum of $1,600; that the gross income from the land is the sum of $100,000, and plaintiff prays for an accounting and for a decree quieting his title to an undivided one-eighth interest in the described land.

Defendant, C. E. Foley, Sr., filed a verified answer to said petition in which he alleged that he acquired the full title to said land at sheriff's sale, and that approximately two months thereafter he sold plaintiff an undivided one-eighth interest in the land and executed and delivered to him a quitclaim deed covering said interest. Defendant denies there was any agreement that the quitclaim deed should not be recorded and pleas that plaintiff remained the owner of said undivided one-eighth interest until the year 1936, at which time defendant entered into an oral agreement with plaintiff under which he reacquired plaintiff's interest in the land.

Without waiving any defenses previously pleaded the defendant further alleged (a) that he individually purchased the land with his own funds and did not have any agreement that he was purchasing the same for the use and benefit of the plaintiff, or any other person; and (b) that two months after said purchase he did sell plaintiff an undivided one-eighth interest in the land, but that the deed was not executed or delivered to plaintiff for said interest until several years later, and that plaintiff never recorded the deed; and (c) that in the year 1936, defendant purchased the interest of the plaintiff in the land at which time a

complete settlement was made of the net income to plaintiff from the land described.

In conclusion the defendant pleads the statute of limitations, the statute of frauds, the statute of uses and trust and laches as a bar to plaintiff's recovery, and prays that the title to the land be quieted in him.

Subsequent to the filing of said answer and on February 26, 1944, C. E. Foley, Sr., died, testate, and on March 24, 1944, the will of C. E. Foley, Sr., was admitted to probate and E. C. Hopper was appointed executor and letters testamentary were issued to him on March 27, 1944.

On March 12, 1945, upon plaintiff's application and upon notice to E. C. Hopper, executor of the estate of C. E. Foley, Sr., deceased, an order of revivor was entered against said executor and the executor given time to plead to plaintiff's petition.

On May 11, 1945, Hopper, as the executor of said estate, filed an answer in which he alleged (a) that plaintiff could not maintain his action for the reason that the order of revivor was not obtained within the time allowed by law; and (b) that plaintiff's action is barred under the statute of frauds as set forth in Title 15 O.S. 1951 § 136; and (c) that plaintiff's claim is barred for the reason plaintiff did not file his claim within the 120 day period with the executor of the estate of C. E. Foley, Sr., deceased.

Thereafter, and in February, 1946, the county court of Creek County, Oklahoma, entered an order in the estate of C. E. Foley, Sr., deceased, distributing the assets of said estate to the following named devisees and heirs: Rosa L. Foley, Connie Foley, Marshall R. Foley and Sue Elyse Foley.

On March 22, 1948, plaintiff filed a motion to make said named devisees and heirs parties defendant. This motion was first overruled and subsequently, on October 11, 1948, sustained, and plaintiff was granted leave to file an amended petition as against said devisees and heirs.

On December 27, 1949, plaintiff filed his amended petition alleging in substance the identical cause of action theretofore alleged against C. E. Foley, Sr., and in addition a demand for an accounting of all transactions between plaintiff and defendant, the executor, and said named devisees and heirs, and that the distributive interest of said devisees and heirs be impressed with a lien to satisfy plaintiff's claim.

To the foregoing amended petition of the plaintiff the executor filed an answer in which he alleged (a) that the court was without jurisdiction as the revivor was not obtained against C. E. Foley, Sr., the executor, or heirs within the time provided by statutes; and (b) that the defendant heirs were not made parties within the time provided by statute; and (c) that the action cannot be maintained because plaintiff failed to file his claim with the executor as provided by statute.

All of the individual named defendants as heirs of the deceased filed answers alleging in substance the same allegations as contained in the executor's answer.

Upon the trial of the issues each defendant objected to the competency of the witness, Maxwell J. Rowntree, plaintiff, to testify as to any communication or transaction had by him with the deceased as prohibited under Title 12 O.S.1951 § 384. The trial court ruled that plaintiff was an incompetent witness under said section to testify as to any communication or transaction had personally with the deceased. Plaintiff, however, was permitted to testify that he did not have any dealings or transactions with the deceased in his lifetime under which he contracted or agreed to reconvey his interest in the land to C. E. Foley, Sr.

Plaintiff introduced as Exhibit 1 a portion of the verified answer of C. E. Foley, Sr., filed in response to plaintiff's original petition dated November 1, 1943; that portion of the answer being subparagraphs 1 and 2 of paragraph 8. Paragraph 1 need not here be considered. Subparagraph 2 of paragraph 8 reads as follows:

"That thereafter, the exact time not now being known to defendant but believed to be approximately two months the defendant did agree to sell, and did sell to the plaintiff an undivided one-eighth interest in and to the lands involved in this controversy. That

thereafter a quit-claim deed therefor was executed to the plaintiff, the exact date not now remembered, but the said deed may have been executed one, two, or three years, thereafter, (that is after the sale to plaintiff of an interest) : no request or understanding was had or made with the plaintiff about not recording said deed, and plaintiff was at liberty to record said deed at any time he saw fit. That the record shows that said quit-claim deed was never placed of record."

Plaintiff also offered in evidence a transcript of certain evidence given by C. E. Foley, Sr., upon plaintiff's application for the appointment of a receiver; that transcript discloses that C. E. Foley testified at said hearing that he purchased the land here involved in 1921, for a consideration of $14,005; that thereafter K. B. Turner acquired a one-half interest in the land from Foley for the sum of $7,002.50; that he, Foley, also sold Rowntree an undivided one-eighth interest in the land for which Rowntree paid him one-eighth of the original purchase price of the land.

Each defendant demurred to plaintiff's evidence as insufficient to sustain the cause of action pleaded by plaintiff. The grounds of said demurrers will be noted, infra. The court overruled defendants' demurrers to plaintiff's evidence and defendants announced in open court of their intention to stand thereon and not to plead further; whereupon, the trial judge entered a decree to the effect that plaintiff was the owner of an undivided one-eighth interest in the land described, and decreed that said title be quieted and confirmed in plaintiff against all named defendants and those claiming under them.

For reversal defendants contend that the action was not revived within the time and in the manner provided by law, and that therefore the trial court did not have jurisdiction to render the judgment in said cause.

As we have pointed out, Mr. Foley died February 26, 1944. His will was admitted to probate in the county court of Creek County on March 24, 1944. Mr. Hopper was appointed executor under the will and as such qualified on March 27, 1944. Plaintiff's cause of action was revived as against the executor on March 12, 1945. Thus the order of revivor was within one year from the date of the order of the county court admitting the will to probate and the appointment of an executor thereunder.

Defendants' contention that the order of revivor must be entered within one year from the date of Foley's death cannot be sustained.

In the case of Fabian v. Griesel, 181 Okl. 137, 73 P.2d 180, 181, we held:

"A lapse of twenty-two days between the death of the defendant and the appointment of the executor held a reasonable time, and revivor of action is not barred until the expiration of one year after said appointment under sections 583 and 584, O.S.1931." Sections 583 and 584, O.S.1931, now Title 12 O.S.1951 §§ 1071 and 1072.

In the case of Texas Title Guaranty Co. v. Goodwin, 198 Okl. 599, 180 P.2d 835, we held that a delay of 26 days after the death of a judgment debtor before appointment and qualification of personal representative was not unreasonable.

The revivor under Title 12 O.S.1951 §§ 1071 and 1072 was seasonably made, for prior to the appointment of the representative there was no person upon whom notice of motion to revive could be legally served. Fabian v. Griesel, supra.

Defendants further contend that the revival on March 12th, 1945 was not sufficient because it was made only against the executor and not against the heirs of said decedent. It is apparently defendant's contention that the heirs were necessary parties to the action and that failure of plaintiff to revive the cause against such heirs within the period of one year from the appointment of the executor is fatal. Defendants cite no authority for such contention and apparently rely upon their construction of the pertinent statutes on revival.

The statutes applicable upon the death of a defendant are found in 12 O.S.1951 §§ 1069 to 1072.

This court construed the revival statutes in the case of Town of Jefferson v. Hicks, 33 Okl. 407, 126 P. 739, 740, wherein we said:

"Upon the death of the plaintiff, the action may be revived in the name of the representatives to whom the right has passed. Where the right has passed to the heirs or devisees of the deceased, who could support the action if brought anew, the action may be revived in their name. Section 5954, Comp.Laws 1909 [12 O.S.1951 § 1068]. Upon the death of defendant the revivor may be against his personal representatives or against both his personal representatives and his heirs, when the right of action survives against them. Section 5955 [12 O.S.1951 § 1069]."

In construing the revival statute, effect must also be given to 58 O.S.1951 § 252, which provides:

"Actions for the recovery of any property, real or personal, or for the possession thereof, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases and in the same courts in which the same might have been maintained by or against their respective testators and intestates. R.L.1910, § 6302."

In Tresse v. Spurrier Lumber Co., 115 Okl. 188, 242 P. 235, Bailey v. Wood, 183 Okl. 450, 83 P.2d 180, and Jameson v. Goodwin, 43 Okl. 154, 141 P. 767, we held that the administrator or executor was the proper party defendant and that the heirs were not necessary parties defendant. In Bledso v. Green, 138 Okl. 15, 280 P. 301, we reiterated such rule but made exception thereto in the case of an action involving the homestead on the grounds that the homestead is not an asset of the estate and that the administrator was not entitled to possession thereof and was therefore not the proper party against whom revival should be made.

We have found no case holding that revivor must be had in the names of the heirs of the deceased defendant where the action involved property which was properly classified as an asset of the estate of the deceased defendant. We have noticed the cases of Hightower v. Glenn, 198 Okl. 428, 179 P.2d 127, and Chouteau v. Hoss, 118 Okl. 76, 246 P. 844, which at first blush might appear to be contrary to the views herein expressed. It should be noted, however, that these cases are concerned with revival upon the death of a plaintiff, which is governed by the provisions of 12 O.S. 1951 § 1068 and which provisions are in nowise identical with the statutory provisions dealing with revivor upon the death of a defendant. It might also be observed that the opinions in these two cases do not appear to have given any consideration to the effect of 58 O.S.1951 § 252, above quoted.

We therefore conclude that in the case at bar, it being one for the recovery of real property and for an accounting for rents and profits, the executor of the estate of the deceased defendant was the proper party against whom revivor of the action should be made and that the heirs of said decedent were not necessary parties to the revivor.

Defendants next contend that plaintiff cannot maintain his action for the reason that he failed and neglected to file his claim with the executor of the estate of the deceased as required by law under the provisions of Title 58 O.S.1951 § 343. That section reads:

"If an action is pending against the decedent at time of his death, the plaintiff must in like manner present his claim to the executor or administrator, for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof be made of the presentation required."

In construing that section of the statute in the case of Gragg v. Pruitt, 179 Okl. 369, 65 P.2d 994, 995, we said:

"Section 1243, O.S.1931 (now Title 58, § 343, O.S.1951) requiring the presentation of claim to the administrator of the estate of a person who dies during the pendency of an action against

him, relates only to claims arising upon contract." See also Barrett v. Steele, 189 Okl. 501, 117 P.2d 1020.

Defendants next contend that plaintiff failed to produce any competent evidence in support of his cause of action, and that therefore defendants' separate demurrers to plaintiff's evidence were improperly overruled. That contention is based (1) upon the alleged error in admitting the testimony of C. E. Foley, Sr., upon plaintiff's application for the appointment of a receiver pendente lite; and (2) upon the alleged error in the admission of subparagraphs 1 and 2 of numerical paragraph 8 of the verified answer of C. E. Foley, Sr., to plaintiff's original petition.

As to the first asserted error: The transcript introduced discloses that C. E. Foley testified that he acquired the land by purchase at sheriff's sale in 1921 for a consideration of $14,005; that a month later K. B. Turner acquired a one-half interest in the land from Foley for $7,002.50, which sum represented one-half of the original purchase price paid. The transcript then discloses the following questions and answers.

"Q. Well, what I am getting at, did you ever sell or part with any interest other than the interest you sold to K. B. Turner? A. Yes.

"Q. Who did you sell it to? A. Why, I let Mr. Rowntree have a one-eighth interest in it.

"Q. How much did Mr. Rowntree pay for his one-eighth interest? A. He paid the same as the others.

"Q. You mean he paid the same as you paid the sheriff and on the same basis as Mr. K. B. Turner paid you? A. That is right.

"Q. Now, Mr. Foley, when did you sell Mr. Rowntree his one-eighth interest? A. It was sometime after that. I don't remember. After Turner got his."

█ As to the second asserted error: Plaintiff introduced in evidence subsection 2 of paragraph 8 of the answer of C. E. Foley, supra. The admission of the evidence of Foley given in the receivership hearing and the admission of a portion of his verified answer, supra, to the original petition of the plaintiff were competent evidence as admissions against interest, and such admissions were competent as primary evidence. Pavlovitch v. Wommack, 206 Okl. 158, 241 P.2d 1119.

█ It is next contended that in no event can a portion of the answer of the defendant Foley be considered as an admission against interest when such portion of the answer is taken out of context with the answer as a whole. The record discloses that defendants did not object to the admission of the evidence on that ground but limited their objection as a violation of the statute, Title 12 § 384, commonly referred to as the "Dead Man's Statute." Moreover, an examination of said subparagraph 2 of paragraph 8, supra, of the defendant Foley's answer is complete within itself insofar as it contains an admission that Foley did sell to plaintiff an undivided one-eighth interest in the land, and that he did execute and deliver to the plaintiff a quitclaim deed therefor. Neither do we find upon a careful reading of the entire answer any allegation or statement which modifies or qualifies the statement offered as against interest. Moreover, if defendants so desired they might have offered the entire answer of the defendant Foley, which we find they did not choose to do. Other objections made by defendants to the competency of this evidence, we think, are without merit.

█ Lastly, defendants assert that plaintiff's cause of action is barred under the doctrine of laches. A search of the record fails to disclose any allegation or proof that defendants suffered any detriment or damage occasioned by the failure of plaintiff in not more diligently prosecuting his action to conclusion.

Finding no substantial error in the record the judgment is affirmed.

HALLEY, C. J., and CORN, WILLIAMS and BLACKBIRD, JJ., concur.