Mildred L. PALMER, now Moody, Appellant,

v.

James M. BELFORD and Belford Bros., Inc., Appellees.

No. 45986.

Supreme Court of Oklahoma.

June 11, 1974.

As Corrected July 1, 1974 and Oct. 25, 1974.

Opinion Dissenting in Part Oct. 29, 1974.

Rehearing Denied Oct. 29, 1974.

Henry M. Beidleman, Okmulgee, for appellant.

James S. Steph, Okmulgee, for appellees.

SIMMS, Justice:

This appeal is from an order holding a 1962 judgment dormant and dismissing the garnishment issued to enforce that judgment.

On February 1, 1962, James W. Palmer, plaintiff, obtained a money judgment against James M. Belford, defendant.

On December 9, 1964, plaintiff caused execution to issue which was returned showing no property found. (Execution was not issued again until November 12, 1971.)

Plaintiff died on December 29, 1965, and his surviving spouse, Mildred L. Palmer, was appointed executrix of his estate.

On December 1, 1966, Mildred L. Palmer, executrix, filed a Motion to Revive the Judgment. An order of revivor was entered by the District Court. It is the effect of this order that is the subject of this case.

On March 1, 1968, plaintiff's estate was distributed, set over and assigned to Mildred L. Palmer.

On November 12, 1971, Mildred L. Palmer caused execution to issue which was returned showing no property found.

On December 1, 1971, Mildred L. Palmer caused a garnishment affidavit to be filed and a garnishment summons to be issued and served upon Belford Brothers, Inc.

After answers were filed by the defendant and garnishee, and upon hearing, the trial court dismissed the garnishment, holding the judgment was dormant.

The Court of Appeals reversed the trial court and held that the 1962 judgment had been revived in 1966, extending the judgment until December 1, 1971. It was further held that the March 1, 1968, decree of distribution transferred the judgment from Mildred Palmer, executrix to Mildred Palmer, individually. Thus, it was reasoned, no further revivor or substitution was necessary.

The issue is whether the December 1, 1966, revivor action by Mildred L. Palmer, executrix, operated to revive the judgment, making it effective until December 1, 1971.

We hold that the revivor action was a nullity.

Prior to 1965, 12 O.S.1961, §§ 1071, 1072, and 1077, provided a judgment abated on the death of either of the parties and could not be levied upon unless it was revived within one year after the death of the party.

■ The abatement and revivor statutes pertinent to this case were repealed effective October 21, 1965, Laws 1965, Ch. 299, p. 535. Therefore, defendant contends, the 1966 revivor action was a nullity.

The statutes in effect at the time of the 1966 revivor action were 12 O.S.1971, § 735, and, 12 O.S.1971, § 1081(b). Section 735 provides in part:

" * * * if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor * * *."

■ A dormant judgment is one that remains unsatisfied but that has remained unexecuted so long that execution cannot now be issued upon it without first reviving the judgment. See, Shefts v. Oklahoma County, 192 Okl. 483, 137 P.2d 589, 590 (1943).

Defendants assert:

" * * * With the repeal of (the abatement and revivor statutes) no method or means now exists for the revivor of either an action which has become dormant as a result of death, or for an action that has become dormant due to passage of time."

Plaintiff contends 12 O.S., § 1081(b) as interpreted by this Court in State v. District Court of Mayes County, Okl., 440 P. 2d 700 (1967) permits the personal representative of a deceased judgment creditor to revive a judgment any time before it becomes dormant. Plaintiff, therefore, argues that under Jersak v. Risen, Ex'x, 194 Okl. 423, 152 P.2d 374 (1944), the revivor by the deceased representative extends the judgment for five years from the date of the revivor.

12 O.S.1971, § 1081(b) provides in part:

"If a plaintiff dies after verdict or after judgment and the verdict and judgment are in his favor, his representative or successor may be *substituted* for him upon motion of any party to the action with notice to the representative or successor, or substitution may be made upon *motion of the representative or successor* of the decedent. Such motion may be made at any time before the judgment becomes dormant but it must be made before action is taken to enforce the judgment." (emphasis added)

In State v. District Court of Mayes County, *supra,* this Court said:

"Under its terms (1081(b)) if a party in whose favor a judgment is rendered dies after a judgment, a motion to *revive* may be made by any party to the action 'at any time before the judgment becomes dormant but it must be made before action is taken to enforce the judgment.'" (emphasis added)

■ Plaintiff interprets the 1967 Mayes County case to mean that this Court will continue to recognize revivor actions under 12 O.S. § 1081(b), even though the legislature repealed revivor actions in 1965. Plaintiff thus reasons that his December 1, 1966 revivor action operated to revive the 1962 judgment, executed on in 1964, and render it effective until December 1, 1971. Plaintiff argues that the revivor tolled the dormant judgment statute, extending his judgment from December 1, 1966. He cites Jersak v. Risen, *supra,* wherein this Court held in Syllabus 3 by the Court:

"A judgment in this state becomes dormant by the death of a party. Its revivor in the name of the representative of such party restores the judgment to full force, without execution, to the same extent as a revivor in the case of a judgment that has become dormant for want of an execution."

In the Mayes County case, this Court misinterpreted § 1081(b). The revivor statutes had been repealed in 1965 and replaced by § 1081(b). Section 1081(b) clearly provides a motion to *substitute*

"may be made at any time before the judgment becomes dormant * * *." The Mayes County case stated that under § 1081(b), a motion to *revive* "may be made at any time before the judgment becomes dormant." The Mayes County case insofar as it relates to "revivor" is, therefore, overruled.

The plaintiff could not have relied on the Mayes County case as authority for filing his motion to revive in 1966, since the Mayes County case was not decided until November, 1967. Plaintiff is therefore bound by the reasonable interpretation of the statutes in effect at the time he filed his motion to revive, 12 O.S. § 735, and 12 O.S. § 1081(b). Under those statutes, plaintiff's representative could have kept the judgment from becoming dormant by merely being substituted and issuing execution within five years from December 9, 1964, the date of the last execution. Instead, plaintiff's representative failed to execute judgment until December 1, 1971, when the judgment had already become dormant.

 It should be pointed out that the substitution of parties under § 1081(b) does not operate to extend the judgment for another five years as was the case in revivor actions. Jersak v. Risen, *supra,* applies only to motions to revive under the old revivor statute.

Since the judgment is deemed to have vested in the person of Mildred Palmer on the decedent's death, 84 O.S.1971, § 175; Parks v. Lefeber, 162 Okl. 265, 20 P.2d 179, the five year period for determining when the judgment became dormant began running on the date of last execution under the facts of this case. The only step necessary for Mildred Palmer to execute on the judgment before it became dormant was to file a motion to substitute under § 1081(b). In the absence of the motion and timely execution, the judgment became dormant and not subject to substitution.

Certiorari granted. Court of Appeals reversed. Trial court affirmed.

DAVISON, C. J., IRWIN, BERRY, LAVENDER, BARNES, and DOOLIN, JJ., concur.

HODGES, and WILLIAMS, JJ., concur in part, dissent in part.

HODGES, Justice (concurring in part, dissenting in part).

I agree with the majority opinion that our court misinterpreted 12 O.S.1971, § 1081(b) in the case of State v. District Court of Mayes County, 440 P.2d 700, and that it should be overruled. However, Plaintiff's constitutional right to rely on the case leads me to a conclusion that the majority opinion should be applied prospectively only.

I am authorized to state that Justice WILLIAMS concurs in the views herein expressed.